By the Court.
 

 This case differs from the
 
 Newness case, ante,
 
 115. In that case the trustees sought a declaratory judgment before taking action. In the instant case the trustees acted and placed the relator’s name upon the pension roll. After granting him a pension the trustees sought to rescind their action but such rescinding action was not taken until it was too late
 
 *126
 
 for the pensioned policeman to he restored to his former position.
 

 Section 486-16, General Code, provides, in part:
 

 “Any person holding an office or position under the classified service who has been separated from the service without delinquency or misconduct on his part may, with the consent of the commission, be reinstated within one year from the date of such separation to a vacancy in the same or similar office or position in the same department.”
 

 As the relator had been permitted to draw pension for more than a year he was no longer eligible for reinstatement.
 

 Among the rules of the trustees is section 24 which provides:
 

 “Any member of the division of police who has served twelve and one-half years (12%) and is discharged for any offense other than being convicted of a felony shall be placed upon the police relief roll and receive a rate of pension equal to six-sixteenths (6/16) of his or her salary at time of discharge. Provided, however, that such felony must have been
 
 malum in se
 
 and not merely
 
 malum prohibitum. *
 
 * *”
 

 Relator’s petition alleges and the demurrer admits that relator was never discharged from the division of police for any reason.
 

 It would be anomalous indeed if a man who had served twenty-three years, two months and five days in the police department and having been credited with twenty-three months of war service should now be denied a pension.
 

 In the
 
 per curiam
 
 opinion of the court below it was said:
 

 “As we view the attached pleading we find it unnecessary to consider whether or not, under the statutes,
 
 *127
 
 •ordinances and rules of the board the relator was legally entitled "to credit for United States military service rendered prior to his service in the Cleveland police department. We therefore do not pass upon that question. * * *
 

 “It is our judgment that respondents ought to be and are now estopped from summarily otherwise interpreting the rules under which it operates.”
 

 We are of the opinion that under the facts and circumstances of this particular case the judgment of the Court of Appeals ought to be and hereby is affirmed.
 

 J udgment affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.