*22
 
 By the Court.
 

 The answer of the board admits the following facts alleged in the petition:
 

 The relators formerly were policemen employed by the city of Cleveland, were members of the Cleveland police department and had paid all the contributions required by the rules and bylaws of the board to entitle relators to benefits out of the police relief fund as might be provided under the law and the rules and regulations of the board.
 

 Sections 21, 24, 32 and 33 of the rules and bylaws had been adopted by the board.
 

 Each relator before retirement had been employed as a member of the police department for a period of not less than 22% years, and each had made an • application to retire from the department, to have his name placed on the pension roll and to be granted a pension.
 

 Each relator in his application claimed service in the United States Army, Navy or Marine Corps, prior to becoming a policeman, as additional time to be added to his employment as policeman to make up the period of 25 years which would entitle him to a pension upon retirement.
 

 All such applications were filed and granted subsequent to the effective date of Section 4628-3, G-eneral Code (117 Ohio Laws, 31), authorizing retirement credit for military service, and all the relators resigned from the Cleveland police department more than one year before pensions were discontinued..
 

 No relator was dismissed from the police department for any cause, but each resigned voluntarily at the time or after his application for pension was granted.
 

 The relators have not been reinstated and since October 1, 1944, the board had refused to continue making payments to them.
 

 
 *23
 
 The supplemental petition alleges that the board on July 23, 1945, passed a motion to release the checks withheld from the relators since October 1, 1944, and that such payments had been rejected and refused by the city treasurer. The supplemental petition repeats the prayer of the petition and prays that the city treasurer be commanded to pay each relator such amounts that each would have received as his police pension payments from and after October 1, 1944.
 

 The foregoing summary is sufficient to demonstrate that the facts in the instant case parallel the determinative facts in the case of
 
 State, ex rel. Simmons,
 
 v.
 
 Wieber et al., Bd. of Trustees of Police Relief Fund,
 
 145 Ohio St., 121, 60 N. E. (2d), 687.
 

 With the exception of Section 4628-3, General Code, the sections of the rules and bylaws and of the General Code involved herein are set forth in that
 
 per curiam
 
 opinion and therefore are not repeated here.
 

 The pension payments in the present proceeding were discontinued after the one-year period during which the relators could have availed themselves of the provisions of Section 486-16, General Code, permitting reinstatement to a former position in the municipal civil service.
 

 On authority of the
 
 Simmons case, supra,
 
 the writ will issue as prayed for in the supplemental petition.
 

 Writ allowed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner Matthias and Hart, JJ., concur.