Herbert, J.
The question presented by the pleadings may be summarized as follows:
Where a member of a city police department resigned to enter the armed forces of the United States during World War II, and at such time was retired upon request on a monthly pension, and at the termination of his military service in World War II applied for and was granted reinstatement in the police department, ceased to collect such monthly pension and again became a member of the police relief and pension fund and continued to serve in the police department until he reached retirement age when he again resigned and sought retirement a second time, is such member entitled to receive a pension based on the entire period of his employment and also on the time when he was separated from the police department on monthly pension and serving in World War II, without reimbursing the police relief and pension fund the amount of pension received from the time of his first resignation and retirement until the time of his reinstatement in the police department?
Although the question raised here is extremely important to the relator, it is certainly not one which will recur very often.
Bespondents deny the relator’s claim that he is entitled to credit toward the present retirement pension for the period he was on pension from November 1, 1942, until reappointed on August 1,1945, and in the alternative contend that relator is not *6 now entitled to receive a pension award for service in the police department from January 1, 1925, to August 1, 1957, including military credit allowance, -without repayment of the sum of $2,475 paid to him in monthly payments during the 33-month 1942 to 1945 period.
Although not necessary to this decision, some reference to relator’s earlier circumstances is helpful with regard to his retirement on August 1, 1957. When he first resigned on October 31, 1942, and entered military service, at the same time applying for and receiving a pension award of $75 per month for the next two years and nine months, it was then permissible under the law for police pension boards to write their own rules relating to pensions, including credits for military service. See 117 Ohio Laws, 31.
The relator was allowed a credit of two years and three months for his World War I service towards the 20-year requirement for his first pension. It is indicated in the opinion of the Court of Appeals, although it does not appear in the record, that this was accomplished under the authority of a rule of the board of trustees as amended in July 1942. However, it is not necessary to consider this credit now since no claim is made for World War I service in determining the monthly pension now sought.
All parties are in accord that relator’s first police service was for a total of 17 years and 10 months, that his service in World War II was for two years and seven months, and that his subsequent service in the police department was for exactly 12 years, his service thus totaling 32 years and 5 months for pension calculations.
In the case of Batchelor et al., Bd. of Trustees of Police Relief Fund of Cleveland Heights, v. Newness, 145 Ohio St., 115, 60 N. E. (2d), 685, it was held that, in computing years of service of a member of the police department, credit for war service could be given only for war service which interrupted the policeman’s period of service in the police department.
In another case decided the same day, State, ex rel. Simmons, v. Wieber et al., Bd. of Trustees of Police Relief Fund of Cleveland, 145 Ohio St., 121, 60 N. E. (2d), 687, a writ of mandamus was granted to relator, a former member of the Cleveland *7 Police Department, when the board of trustees there attempted lo remove the relator from the pension rolls after he had been receiving his monthly pension for a period of 17 months, having thereby lost the opportunity to be reinstated in the police department within the period of one year then authorized by law. Relying upon that decision, this court decided the case of State, ex rel. Bessick, v. McCaffery et al., Bd. of Trustees of Police Relief Fund of Cleveland, 146 Ohio St., 21, 63 N. E. (2d), 550, in the same way. Those last two cases were decided mainly on the basis of estoppel, while the Batchelor case turned on the point of previous police service with interruption for military service. None are helpful in the solution of the problem here.
When relator re-entered the Toledo police department on August 1, 1945, he did so under the protection of Section 486-16a, General Code (Section 143.22, Revised Code). See 119 Ohio Laws, 744, and 120 Ohio Laws, 151. Reinstatement after such military service is also recognized by the provisions of Section 741.48, Revised Code, which requires as a prerequisite for pension credit discharge from the armed forces on or before September 30, 1948, and reinstatement in the police department within 90 days from the date of discharge. This section having been fully complied with by relator, there is no error in the calculation of his monthly pension payment.
Next we come to the question of the conditional granting specified by the board in its order of September 1957. The Court of Appeals, in its opinion, stated:
“So far as we are aware, there is neither statutory authority nor any rules of the board authorizing suspension of payment of a pension awarded on account of prior indebtedness to or liability of the pensioner to the board. On the contrary, Section 741.47, Revised Code, provides:
“ ‘Sums of money due or to become due to any pensioner shall not be liable to attachment, levy, or seizure under any legal or equitable process, whether such sums remain with the treasurer of the police relief and pension fund or any officer or agent of the board of trustees of the police relief and pension fund, or is in the course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of such pensioner.’ ”
*8 Examination of the above-quoted statute discloses that only moneys presently in the fund due or to become due to a pensioner are immune from any attachment, levy or seizure under any legal or equitable process. In this instance, the $2,475 which the board seeks is not in the fund but has been in the relator’s possession since 1945, and the board’s order awarding monthly pensions is conditioned upon the restoration to the fund of this money previously received by relator. We therefore do not consider that section applicable here.
Let us then look at the provisions of Section 741.49, Revised Code. This section, which establishes the formula for calculating the monthly pension, concludes with this paragraph:
“A member of the fund who voluntarily resigns from active service in the police department and receives from the police relief and pension fund, pursuant to the provisions of paragraph (I) of this section, an amount equal to the sums deducted from his salary upon reinstatement to active service in the police department shall not be entitled to receive any benefits or pensions from the police relief and pension fund until he has deposited in said fund an amount equal to the sum so received by him.”
Paragraph (I) referred to above reads:
“A member of the fund who voluntarily resigns from active service in the department shall be entitled to receive an amount equal to the sums deducted from his salary and credited to the fund.”
Up to the time when relator voluntarily resigned from active service in 1942 and received from the police relief and pension fund the sum of $75 per month for 33 months, his contributions to the fund were not required to be as great as they became in 1947. See 122 Ohio Laws, 614.
The record before us does not disclose the total amount of such contributions, but it may reasonably be assumed that the $2,475 which he received from the fund as a $75 per month pension was at least ‘ ‘ an amount equal to the sums deducted from his salary.”
Picture the case of a policeman who, not being yet eligible for retirement, resigned from a police department, withdrew *9 from the pension fund the amounts previously deducted from his salary and thereupon was engaged in military service for a period of time after which within 90 days he was reinstated to active service in the police department. Certainly, there can be no question that under the provisions of Section 741.49, Revised Code, such a person would not be entitled thereafter to receive any benefits or pensions from the fund until he had first restored “the amount equal to the sum so received by him.” May it then be argued that this provision, authorizing a member of the fund who voluntarily resigns from active service in the police department to receive “an amount equal to the sums deducted from his salary,” was not intended to apply to a policeman actually placed on a pension? We do not think so. This type of provision is contained in practically all retirement systems unrelated to questions of military service credits or minimum periods required for retirement. Generally, such statutes are drawn to require repayment to the funds of the respective systems, upon reinstatement of such employees to active service, of any amounts which were previously withdrawn by such employees at the time of earlier separation from employment.
It would require a strained construction of the above-quoted provisions of Section 741.49 to hold that, where a member of a police department resigns and, not yet being eligible for retirement, draws from the pension fund an amount equal to all his salary deductions up to that date — whether or not he enters military service — he must, upon later reinstatement and subsequent retirement from active service in the police department, have restored such money before he can receive any benefits from the police relief and pension fund, but that where another member resigns with sufficient credits for a pension and draws an actual pension for a certain period of time while in military service and is again reinstated in the police department following such military service, that man is entitled to a pension based upon all his years of active service in the police department as well as his years in military service, without again m airing the pension fund whole with respect to that period during which he drew the earlier pension.
*10 The respondents here have clearly been attempting to give the relator the benefit of the best monthly pension sum which could be calculated for him.
It has been the purpose of these pension laws, upheld by judicial decisions, to uniformly protect members of such pension funds in their future enjoyment of pension allowances, once they have been determined.
The board of trustees here has not considered the question of whether relator should have been restored to his original pension of $75 per month, plus a further pension calculated on the basis of his last 12 years as a police officer, with or without the period of military service in World War II. Instead it has sought to give relator credit for all his years of service, both police and military, to which he could possibly be entitled. And in so doing it has endeavored to treat him as being in the same category with the hypothetical officer pictured above who, not being eligible for retirement during World War II, nevertheless resigned to enter the military service at that time and also withdrew his previous payroll deductions and was subsequently duly reinstated in the police department.
It is fundamental that in a mandamus action the relator must establish a clear legal right to the relief he seeks. This court is of the opinion that to be entitled to the monthly pension in the amount of $255.12, as determined by the Court of Appeals, the relator must place himself in the same relation to the fund as any other police officer seeking a pension based in part on military service credit who has not previously been paid a pension or who, having duly received an amount from the fund, is required to redeposit such amount before he is entitled to receive any benefits or pensions therefrom.
The question of interest, although relatively minor, remains to be disposed of. The relator has now acquired a conditional credit for pension payments due him since August 1, 1957, in the amount of $255.12 per month, so that he now has more than sufficient funds due him to comply with the condition imposed by the board of trustees. No interest being sought by the board of trustees on the amount of $2,475 to be restored to the fund, the payments due the relator up to a similar amount should be without interest. Excluding this amount, the relator is entitled *11 to interest at the rate of six per cent per annum on overdue monthly pension payments.
The judgment of the Court of Appeals granting the peremptory writ of mandamus is modified accordingly and, as modified, is affirmed, and final judgment is entered.

Judgment modified and, as modified, affirmed.

Weygandt, C. J., Zimmerman, Stewart, Tart, Matthias and Bell, JJ., concur.