Turner, J.
 

 We are of the opinion that in order to reverse the judgment of the Court of Appeals it would be necessary to read out of that part of rule 19 in question here the words “during his period of service.” The questioned paragraph would then read:
 

 “In computing the years of service, any member of the police department who has actively served in the armed forces of the United States in time of warfare or when armed expeditions were conducted, and such member has been honorably discharged, a credit for such war service shall be allowed to such member, but such credit shall not in any case exceed.thirty months.”
 

 If this were done it would exceed the authority conferred by Section 4628-3, General Code, which provides :
 

 “Trustees of the police relief and pension fund are hereby authorized to adopt rules for the allowance of credit toward retirement of those members of the police department who have actively served in the armed forces of the United States army, navy or marine corps in time of warfare or when armed expeditions were conducted during their period of service, and such members have been honorably discharged; such credit shall not exceed thirty months.”
 

 We may not read out of the foregoing section the words “during their period of service” which in our
 
 *120
 
 opinion refer to service in the police department.
 

 We agree with the following quotation in appellant’s brief:
 

 “All language used in each and every enactment must be considered to have a purpose and courts in construing statutory enactments must ascertain the legislative intent from the language used.”
 

 There is another rule of construction which should not to be overlooked and that is that legislative enactments are presumed to have a prospective not a retrospective effect. 37 Ohio Jurisprudence, 298, Section 1, and page 819, Section 500.
 

 We also agree with that part of appellant’s argument wherein it is said: “However, the intent and purpose of the board of trustees in drafting and adopting the rule is quite clear. The language is distinct, clear, intelligible, and free from ambiguity.”
 

 Where a legislative enactment is free from ambiguity, there is no. room for interpretation.
 

 We agree with the reasoning of the Court of Appeals in saying: “The words ‘during his period of service’ appearing in the middle of the sentence, which sentence comprises all of paragraph 3 of section 19 (quoted
 
 supra),
 
 was intended to refer to service in the police department and not the military service. Otherwise the phrase does not add a thing to the meaning of the paragraph. The interpretation of the paragraph contended for by the defendant-appellee is complete and is cfearly expressed without the addition or inclusion of this phrase in the sentence.”
 

 We might also call attention to the fact that the years of service to be computed under rule 19 is the period of service in the Cleveland Heights police department
 
 since
 
 January 1, 1920. Appellant became a member of such police department on August 18, 1920.
 

 
 *121
 
 It follows that the judgment of the Court of Appeals should be and it is hereby affirmed. -
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Matthias and Hart, JJ., concur.