**The STATE of Ohio, Appellee,**

**v.**

**BAYER, Appellant.**

[Cite as *State v. Bayer* (1991), 72 Ohio App.3d 190.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900255.

Decided Jan. 16, 1991.

*Terrence R. Cosgrove* and *Ernest F. McAdams, Jr.,* for appellee.

*Peter Rosenwald,* for appellant Lynn M. Bayer.

*Per Curiam.*

This appeal arises from appellant's conviction of driving with a prohibited breath-alcohol concentration, a violation of R.C. 4511.19(A)(3). We have *sua sponte* removed the matter from the accelerated calendar.

The record reflects that appellant was arrested for driving erratically in the Corryville area of Cincinnati at 12:20 a.m. on October 16, 1989. Just prior to her arrest, she was driving northbound in the southbound lane of Jefferson Avenue. When stopped, appellant performed field sobriety tests in a less than satisfactory manner and was transported to the district police station and given an intoxilyzer test by Police Officer Horn, without assistance or supervision.

Prior to trial appellant filed a motion to suppress all evidence, questioning whether there was probable cause for her arrest and whether Horn followed the rules and regulations governing the accuracy of the intoxilyzer test. The motion to suppress was overruled and the case proceeded to hearing on a plea of no contest, resulting in the conviction.

Appellant's single assignment of error alleges the trial court erred by overruling her motion to suppress. For the reasons that follow, we sustain the assignment of error.

■ We initially reject appellant's argument that the arrest lacked probable cause. The record demonstrates that appellant first drove tentatively, then alternated to aggressive acceleration in passing another car, missed a turn at Martin Luther King Drive, and proceeded northbound in the southbound Jefferson Avenue lane. She had the odor of an alcoholic beverage on her breath, indicated that she had consumed two beers, and failed the field sobriety test. We determine from these facts that the trial court could properly conclude that there was probable cause for the arrest.

■ Regarding the challenge to the failure to observe the rules and regulations in administering the intoxilyzer test, the record reveals the following testimony by Officer Horn:

"Q. What kind of training have you had on that machine, officer?

"A. I was trained in the academy on that machine.

"Q. Are you a—

"A. I'm a Senior Operator. You take a test. You take a proficiency test, where you have to operate the machine every year, and you take a written test every two years.

"Q. And do you have a certificate?

"A. Yes, sir."

Immediately thereafter, the state introduced into evidence, without objection, exhibit one, which contained Horn's permit indicating that he had qualified as a senior operator for the intoxilyzer on July 16, 1986. The permit states on its face that "this permit shall expire two (2) years after the most recent date affixed." The next (and subsequent) renewal dates are in fact blank. Officer Horn testified that the exhibit containing the permit was a true and accurate copy of the records as they existed.

R.C. 4511.19(B) (now [D]) states that the intoxilyzer analysis is to be accomplished by "an individual possessing a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code."

We hold, on the state of this record, that Horn did not possess a valid permit on October 16, 1989, and that the test evidence should have been suppressed. The best that can be said for the state's position is that Horn was qualified by his initial training and that he had a certificate to that effect. By virtue of his failure to renew his certificate within two years of his initial certification, however, we can only conclude that he did not, at the time of his testing of appellant, possess a valid permit as mandated by statute.

We note that the trial court apparently failed to consider the import of the failed certificate by deeming it a "somewhat useless exhibit," questioning its introduced purpose by stating that it "demonstrates nothing." We reiterate, in line with our prior holding in *State v. Anderson* (Dec. 9, 1987), Hamilton App. No. C–870046, unreported, 1987 WL 28164, that the statute requires the possession of a valid permit to render the test results admissible.

Appellant's assignment of error is validated. We reverse the trial court's judgment and remand this case for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

UTZ, P.J., and DOAN, J., concur.

HILDEBRANDT, J., dissents.

HILDEBRANDT, J., dissenting.

I respectfully dissent from the majority's opinion. Concededly, R.C. 4511.-19(B) required Officer Horn to have a valid permit. Moreover, it cannot be disputed that the permit introduced by the state was facially invalid. However, as demonstrated by the excerpt from the transcript quoted by the majority, Officer Horn testified: "I'm a Senior Operator." R.C. 4511.19(B) imposed no requirement that the state corroborate this testimony by introducing a valid permit. As the trier of fact, the trial judge was free to conclude,

and clearly did conclude, that Officer Horn was testifying accurately. Furthermore, the trial judge was entitled to credit, and clearly did credit, Officer Horn's testimony over whatever negative inferences one might draw from the facial invalidity of the permit offered by the state. In sum, I would affirm the judgment of the trial court upon the well-settled principle that it is for the trial judge, not an appellate court, to resolve evidentiary conflicts and determine the credibility of witnesses. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.