OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from Appellant's conviction and sentence on one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and one count of speeding.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} The undisputed facts are as follows:
{¶ 4} On May 16, 2003, Appellant was stopped by State Highway Patrolman Lanning for speeding.
{¶ 5} Upon further investigation, Trooper Lanning arrested Appellant and charged him with operating a motor vehicle while under the influence of alcohol, in addition to the charge of speeding.
{¶ 6} Trooper Lanning transported Appellant to the Highway Patrol Post and asked Appellant to submit to a chemical breath test. Appellant agreed and blew into the BAC Data Master, producing a result of .118 grams of alcohol per 210 liters of breath.
{¶ 7} Based on such test result, Appellant was additionally charged with operating a motor vehicle with a prohibited level of alcohol as determined by breath, in violation of R.C.4511.19(A)(3).
{¶ 8} At his arraignment, Appellant entered pleas of not guilty to all charges.
{¶ 9} On July 10, 2003, Appellant filed a Motion to Suppress, arguing inter alia, that the State did not substantially comply with the Ohio Department of Health Regulations regarding breath alcohol testing.
{¶ 10} In lieu of an oral hearing on the Motion to Suppress, the parties agreed to limit the issue to whether the officer who administered the breath test and the officers who checked the machine were properly certified by the Ohio Department of Health. The parties further agreed to submit the matter to the trial court based on stipulations of fact and written memoranda.
{¶ 11} On August 14, 2003, Stipulations of Fact were filed with the trial court.
{¶ 12} On August 18, 2003, the trial court denied Appellant's Motion to Suppress.
{¶ 13} On August 25, 2003, Appellant entered a plea of no contest to the violation of R.C. 4511.19(A)(3), with the other two charges being dismissed on the motion of the State.
{¶ 14} Based on his plea of no contest, the trial court found Appellant guilty and sentenced him to 60 days in jail, with 3 days to serve in a residential treatment program and 57 days suspended on 2 years good behavior.
{¶ 15} It is from this conviction and sentence Appellant appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR
{¶ 16} "The trial court erred in overruling defendant's motion to suppress."
 I
{¶ 17} In his sole assignment of error, Appellant argues that the trial court erred in denying her motion to suppress asserting that the State did not substantially comply with the Ohio Department of Health regulations. We disagree.
{¶ 18} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case.State v. Curry (1994), 95 Ohio App.3d 93, 96; State v.Claytor (1993), 85 Ohio App.3d 623, 627; State v. Guysinger
(1993), 86 Ohio App.3d 592.
{¶ 19} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
{¶ 20} The regulations regarding breath testing are contained in Ohio Adm. Code 3701-53-09, which currently provides as follows:
{¶ 21} "(A) Individuals desiring to function as laboratory directors or laboratory technicians shall apply to the director of health for permits on forms prescribed and provided by the director. A separate application shall be filed for a permit to perform tests to determine the amount of alcohol in a person's blood, urine or other bodily substance, and a separate permit application shall be filed to perform tests to determine the amount of drugs of abuse in a person's blood, urine or other bodily substance. A laboratory director's and laboratory technician's permit is only valid for the laboratory indicated on the permit.
{¶ 22} "* * *
{¶ 23} "(B) Individuals desiring to function as senior operators or operators shall apply to the director of health for permits on forms prescribed and provided by the director of health. A separate application shall be filed for each type of evidential breath testing instrument for which the permit is sought.
{¶ 24} "The director of health shall issue appropriate permits to perform tests to determine the amount of alcohol in a person's breath to individuals who qualify under the applicable provisions of rule 3701-53-07 of the Administrative Code. Individuals holding permits issued under this rule shall use only those evidential breath testing instruments for which they have been issued permits.
{¶ 25} "(C) Permits issued under paragraphs (A) and (B) ofthis rule shall expire one year from the date issued, unless revoked prior to the expiration date. An individual holding a permit may seek renewal of an issued permit by the director under paragraphs (A) and (B) of this rule by filing an application with the director no sooner than six months before the expiration date of the current permit. The director shall not renew the permit if the permit holder is in proceedings for revocation of his or her current permit under rule 3701-53-10 of the Administrative code." (Emphasis added.)
{¶ 26} Prior to September 30, 2002, this code section provided that such permits expired two years from the date of issuance.
{¶ 27} The permits held by the officers in question in the case sub judice were issued as follows:
{¶ 28} Trooper Lanning — March 17, 2002;
{¶ 29} Trooper Hedges — February 27, 2002; and,
{¶ 30} Trooper Duran — February 26, 2002.
{¶ 31} The State argues that because the permits in question were issued prior to the 9/30/02 amendment, the two year expiration date applies. Appellant, conversely, argues that the new one year expiration date applies and therefore such permits were expired on May 16, 2003, when Appellant was administered such breathalyzer test.
{¶ 32} Upon review of Ohio Adm. Code 3701-53-09, we agree with the trial court's finding that the permits involved were valid at the time of the administration of the test and that that the new one year expiration period applies only to permits issued after September 30, 2002. The current version of this rule provides: "(C) Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued . . .". However, we find that the permits in question were issued pursuant to the previous version of this rule, which provided for a two year expiration period.
{¶ 33} Furthermore, we find that even if such permits had expired, the failure of the officer to have a valid permit issued by Department of Health to perform such testing would not render such test results inadmissible as long as the test was performed by competent, qualified personnel, who used accepted practices. The lack of a valid permit would only go to weight of test result, not its admissibility. Cleveland v. Haffey (1998)94 Ohio Misc.2d 79, 703 N.E.2d 380.
{¶ 34} Based on the foregoing, we find Appellant's sole assignment of error not well taken and overrule same.
{¶ 35} The decision of the Fairfield County Municipal Court is affirmed.
Judgment affirmed.
Hoffman, P.J., concurs in judgment only.
Wise, J. concurs.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court, Lancaster, Ohio, is affirmed. Costs assessed to Appellant.