DECISION AND JUDGMENT ENTRY
{¶ 1} Terry Brunson appeals the Marietta Municipal Court's decision denying his motion to suppress the results of his breath alcohol test. Brunson contends the officer who administered his test did not possess a valid permit to perform the test. Specifically, Brunson argues that the one-year expiration period in Ohio Adm. Code 3701-53-09(C) applies to the officer's permit and thus, the permit expired three weeks prior to the date the officer administered Brunson's breath test. We conclude the one-year expiration period in Ohio Adm. Code 3701-53-09(C) only applies to those permits issued after September 30, 2002. Because the officer received his permit in March 2002 and the version of the rule in effect at that time provided for a two-year expiration period, we conclude the officer possessed a valid permit at the time he administered Brunson's breath alcohol test. Accordingly, we affirm the trial court's judgment.
 {¶ 2} On April 6, 2003, State Highway Patrol Trooper Charles V. Robinson stopped Brunson for driving left of center. After further investigation, Trooper Robinson arrested Brunson for driving while under the influence of alcohol. Trooper Robinson then transported Brunson to the Highway Patrol Post where Brunson submitted to a breath alcohol test. The test results indicated that Brunson had a breath alcohol level of .12. Ultimately, Trooper Robinson charged Brunson with driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (A)(3) and driving left of center in violation of R.C. 4511.25.
 {¶ 3} Subsequently, Brunson filed a motion to suppress the results of his breath alcohol test. In his motion, Brunson noted that Trooper Robinson received his senior operator permit on March 17, 2002, and that the permit stated that it expired two years from the date of issuance. However, Brunson argued that under the amended version of Ohio Adm. Code 3701-53-09, effective September 30, 2002, Trooper Robinson's permit expired one year from the date of issuance. Thus, he argued that Trooper Robinson did not possess a valid permit at the time he administered Brunson's test.
 {¶ 4} At the time Brunson filed his motion to suppress, this same issue was pending before the trial court in the case ofState v. McDonald (Jan. 15, 2004), Marietta M.C. No. 2003 TRC 1606. Thus, the parties in the present case agreed that "the Court's findings of law upon State v. Ryan C. McDonald * * * will provide the basis for the decision in this case." In October 2003, the trial court overruled McDonald's motion to suppress concluding that the amended version of Ohio Adm. Code 3701-53-09
only applied prospectively. The court stated: "By enacting the revision to [Ohio Adm. Code 3701-53-09] in which the validity of such permits were reduced from two years to one year, [the Ohio Department of Health] effectively invalidated one half the permits it had issued if one accepts the Defendant's argument. That implication seems incongruous. The prospective application of this amendment would obviate the confusion resulting from the Defendant's interpretation * * *." Thus, the court concluded that the officers who administered McDonald's test possessed valid permits. That same month, the trial court overruled Brunson's motion to suppress based on its decision in State v. McDonald.
 {¶ 5} After the trial court overruled his motion, Brunson pled no contest to the charge of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(3). In exchange, the state dismissed the driving left of center charge. In December 2003, the trial court sentenced Brunson to 100 days in jail, with 60 days suspended, and a $700 fine. Additionally, the court ordered Brunson's driver's license suspended for three years. The court then stayed execution of Brunson's sentence pending appeal. Brunson now appeals the trial court's denial of his motion to suppress and raises the following assignment of error: "The trial court erred by overruling the motion to suppress in that the officer who administered the breath test to the Defendant-Appellant did not have a valid permit to operate the BAC DataMaster."
 {¶ 6} Appellate review of a trial court's decision regarding a motion to suppress involves mixed questions of law and fact.State v. Featherstone, 150 Ohio App.3d 24, 2002-Ohio-6028,778 N.E.2d 1124, at ¶ 10, citing State v. Vest, Ross App. No. 00CA2576, 2001-Ohio-2394; State v. Long (1998),127 Ohio App.3d 328, 332, 713 N.E.2d 1. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. State v. Dunlap,73 Ohio St.3d 308, 314, 1995-Ohio-243,652 N.E.2d 988; State v. Fanning (1982),1 Ohio St.3d 19, 20, 437 N.E.2d 583. Accordingly, in our review we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Dunlap; Long;State v. Medcalf (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. We must then independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. Featherstone;Medcalf; State v. Fields (Nov. 29, 1999), Hocking App. No. 99CA11.
 {¶ 7} Former R.C. 4511.19(A)(3) provided a per se prohibition against driving with a proscribed level of alcohol in one's breath.[1] Under R.C. 4511.19(D)(1), the trial court could "admit evidence on the concentration of alcohol * * * in the defendant's * * * breath * * * at the time of the alleged violation as shown by a chemical analysis of the defendant's * * * breath * * *." However, R.C. 4511.19(D)(1) provided that "[s]uch bodily substance shall be analyzed * * * by an individual possessing a valid permit issued by the director of health pursuant to [R.C. 3701.143]." Thus, in order for the results of a breath test to be admissible in a prosecution for a per se violation, the person administering the test must possess a valid permit. See State v. Bayer (1991), 72 Ohio App.3d 190, 192,594 N.E.2d 137 (Holding that defendant's intoxilyzer results should have been suppressed because the officer that administered the test did not possess a valid permit.) See, generally, R.C.4511.19(D)(1); Newark v. Lucas (1988), 40 Ohio St.3d 100,532 N.E.2d 130.
 {¶ 8} Ohio Adm. Code 3701-53-09 governs the issuance and renewal of permits for laboratory directors, laboratory technicians, senior operators, and operators. Prior to September 30, 2002, Ohio Adm. Code 3701-53-09 provided that permits issued under the rule expired two years from the date of issuance. In September 2002, however, the Department of Health amended Ohio Adm. Code 3701-53-09. Ohio Adm. Code 3701-53-09(C) now provides: "Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued, unless revoked prior to the expiration date."
 {¶ 9} Trooper Robinson received his permit on March 17, 2002, before the amended version of Ohio Adm. Code 3701-53-09 took effect. The permit expressly states that it expires two years from the date of issuance. Brunson, however, argues that the amended version of Ohio Adm. Code 3701-53-09 applies to Trooper Robinson's permit. He argues that Trooper Robinson's permit expired on March 17, 2003, three weeks before Trooper Robinson administered his breath alcohol test. Thus, we must determine whether the one-year expiration period contained in the amended version of Ohio Adm. Code 3701-53-09 applies to permits issued under the prior version of the rule. We conclude it does not.
 {¶ 10} R.C. 1.48 provides: "A statute is presumed to be prospective in operation unless expressly made retrospective." InYoungstown Sheet Tube Co. v. Lindley (1988),38 Ohio St.3d 232, 234, 527 N.E.2d 828, the Supreme Court of Ohio recognized that an administrative rule, promulgated in accordance with statutory authority, has the force and effect of law. Thus, like a statute, an administrative rule is presumed to have a prospective effect unless a retrospective intent is clearly indicated. See Bellefontaine City School Dist. Bd. of Edn. v.Benjamin Logan Local School Dist. Bd. of Edn. (June 16, 1992), Franklin App. No. 91AP-1277, citing Greene v. United States
(1964), 376 U.S. 149, 84 S.Ct. 615, 11 L.Ed.2d 576. See, also,Martin v. Ohio Dept. of Human Services (1998),130 Ohio App.3d 512, 524, 720 N.E.2d 576, citing Batchelor v. Newness (1945),145 Ohio St. 115, 60 N.E.2d 685.
 {¶ 11} Nothing in the amended version of Ohio Adm. Code3701-53-09 indicates that it is intended to operate retrospectively. Ohio Adm. Code 3701-53-09(C) specifically states: "Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued * * *." Thus, the language of the rule clearly indicates that the one-year expiration period only applies to permits issued under the amended version of the rule. Had the Department intended the one-year expiration period to apply to permits issued under the prior version of the rule, they could have included specific language expressing such an intent. However, the language of the rule evidences no such intent. Absent evidence that the Department of Health intended Ohio Adm. Code 3701-53-09 to operate retrospectively, we conclude that the one-year expiration period in Ohio Adm. Code 3701-53-09(C) only applies to permits issued after September 30, 2002. See State v. Baker, Fairfield App. No. 03-CA-77, 2004-Ohio-1769, at ¶ 32 (Holding that "the new one year expiration period applies only to permits issued after September 30, 2002.")
 {¶ 12} Brunson argues that his motion is not premised on an argument about the retroactive application of Ohio Adm. Code3701-53-09(C). He states that "* * * no one tried to make [Ohio Adm. Code 3701-53-09] retroactive in the case at bar." However, Brunson's entire argument is based on a retrospective application of the rule. He is, in effect, arguing that the one-year expiration period contained in the amended rule should be retrospectively applied so as to encompass permits issued prior to the amendment. For the reasons stated above, we reject Brunson's argument.
 {¶ 13} In addition, Brunson relies on Ohio Adm. Code3701-53-09(D)(3) to support his argument that the one-year expiration period is intended to apply to permits issued under the prior version of the rule. Focusing on the language "if the individual seeking a renewal permit currently holds an operator or senior operator permit * * *", Brunson argues that this section requires current permit holders to seek a renewal permit.
 {¶ 14} Ohio Adm. Code 3701-53-09(D) sets forth the requirements a permit holder must satisfy in order to qualify for renewal of the permit. It states: "(D) To qualify for renewal of a permit under paragraphs (A) or (B) of this rule: (1) A permit holder shall present evidence satisfactory to the director that he or she continues to meet the qualifications established by the applicable provisions of [Ohio Adm. Code 3701-53-07] for issuance of the type of permit sought. (2) If the individual seeking a renewal permit currently holds a laboratory technician or laboratory director permit, the permit holder shall meet the requirements of paragraph (A) of this rule. (3) If the individual seeking a renewal permit currently holds an operator or senior operator permit, the permit holder shall have completed satisfactorily an in-service course for the applicable type of evidential breath testing instrument that meets the requirements of paragraph (B) of this rule, which includes review of self-study materials furnished by the director."
 {¶ 15} Contrary to Brunson's argument, Ohio Adm. Code 5701-53-09(D) does not require persons possessing valid permits on September 30, 2002, to immediately seek renewal of their permit. Ohio Adm. Code 5701-35-09(D) dictates what a permit holder must do to qualify for renewal of the permit when thetime for renewal arrives. Ohio Adm. Code 3701-53-09 governs four types of permits: laboratory director permits, laboratory technician permits, senior operator permits, and operator permits. Under Ohio Adm. Code 5701-53-09(D), the renewal requirements for laboratory directors and laboratory technicians differ from the renewal requirements for senior operators and operators. The language Brunson focuses on, i.e., if the individual seeking a renewal permit currently holds an operator or senior operator permit, merely serves to distinguish the renewal requirements a senior operator or operator must satisfy from those a laboratory director or laboratory technician must satisfy. Thus, we fail to see how Ohio Adm. Code 3701-53-09(D)(3) supports Brunson's argument that the one-year expiration period applies to permits issued under the prior version of the statute.
 {¶ 16} In summary, we conclude that the one-year expiration period contained in Ohio Adm. Code 3701-53-09(C) only applies to permits issued after September 30, 2002. Trooper Robinson received his permit on March 17, 2002. At the time, Ohio Adm. Code 3701-53-09 provided for a two-year expiration period. Thus, Trooper Robinson's permit is valid until March 17, 2004. Because Trooper Robinson possessed a valid permit at the time he administered Brunson's test, the trial court did not err in overruling Brunson's motion to suppress. Accordingly, we affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] R.C. 4511.19 has been amended three times since April 6, 2003. However, we must look to the version of the statute that was in effect at the time Brunson committed the offense.