OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from Appellant's conviction and sentence on one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and one count of possession of marijuana.
 {¶ 2} Appellee is the State of Ohio.
 {¶ 3} On March 29, 2003, Appellant was stopped by Uhrichsville police officer R. Todd Carr for Speeding.
 {¶ 4} Upon further investigation, Officer Carr arrested Appellant and charged him with operating a motor vehicle while under the influence of alcohol, possession of marijuana and possession of drug paraphernalia, in addition to the charge of speeding.
 {¶ 5} Officer Carr asked Appellant to submit to a chemical breath test. Appellant agreed and blew into the BAC Data Master, producing a result of .139 grams of alcohol per 210 liters of breath.
 {¶ 6} At his arraignment, Appellant entered pleas of not guilty to all charges.
 {¶ 7} On June 28, 2003, Appellant filed a Motion to Suppress, arguing inter alia, that the State did not substantially comply with the Ohio Department of Health Regulations regarding breath alcohol testing.
 {¶ 8} In lieu of an oral hearing on the Motion to Suppress, the parties agreed to limit the issue to whether the officer who administered the breath test was properly certified by the Ohio Department of Health. The parties further agreed to submit the matter to the trial court based on stipulations of fact and written memoranda.
 {¶ 9} On October 3, 2003 the magistrate issued his written opinion overruling appellant's motion to suppress.
 {¶ 10} On October 15, 2003 appellant filed an Objection to the Magistrate's decision. On November 13, 2003 the trial court adopted the decision of the magistrate and overruled appellant's objections.
 {¶ 11} On January 16, 2004 the appellant entered pleas of no contest to the charges of possession of marijuana and driving under the influence. All other charges were dismissed. The appellant was sentenced to a fine of $350.00 and court costs and 180 days in jail on the charge of driving under the influence. The court suspended 170 of the jail days. On the possession of marijuana charge, appellant was fined $100.00 and court costs. Appellant's driver's license was suspended for one year. The trial court stayed imposition of the sentence pending appeal.
 {¶ 12} Appellant timely filed a notice of appeal and set forth as his sole assignment of error:
 {¶ 13} "The senior operator's permit was invalid for the officer who gave the breath test. the breath test was inadmissible."
 I. {¶ 14} In his sole assignment of error, Appellant argues that the trial court erred in denying his motion to suppress asserting that the State did not substantially comply with the Ohio Department of Health regulations. We disagree.
 {¶ 15} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App.3d 93, 96,641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623,627, 620 N.E.2d 906; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726.
 {¶ 16} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
 {¶ 17} The regulations regarding breath testing are contained in Ohio Adm. Code 3701-53-09, which currently provides as follows:
 {¶ 18} "(A) Individuals desiring to function as laboratory directors or laboratory technicians shall apply to the director of health for permits on forms prescribed and provided by the director. A separate application shall be filed for a permit to perform tests to determine the amount of alcohol in a person's blood, urine or other bodily substance, and a separate permit application shall be filed to perform tests to determine the amount of drugs of abuse in a person's blood, urine or other bodily substance. A laboratory director's and laboratory technician's permit is only valid for the laboratory indicated on the permit. "* * *
 {¶ 19} "(B) Individuals desiring to function as senior operators or operators shall apply to the director of health for permits on forms prescribed and provided by the director of health. A separate application shall be filed for each type of evidential breath testing instrument for which the permit is sought.
 {¶ 20} "The director of health shall issue appropriate permits to perform tests to determine the amount of alcohol in a person's breath to individuals who qualify under the applicable provisions of rule 3701-53-07 of the Administrative Code. Individuals holding permits issued under this rule shall use only those evidential breath testing instruments for which they have been issued permits.
 {¶ 21} "(C) Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued, unless revoked prior to the expiration date. An individual holding a permit may seek renewal of an issued permit by the director under paragraphs (A) and (B) of this rule by filing an application with the director no sooner than six months before the expiration date of the current permit. The director shall not renew the permit if the permit holder is in proceedings for revocation of his or her current permit under rule 3701-53-10 of the Administrative code." (Emphasis added.)
 {¶ 22} Prior to September 30, 2002, this code section provided that such permits expired two years from the date of issuance.
 {¶ 23} The permit in the case at bar was issued to Officer Carr on February 18, 2002.
 {¶ 24} The State argues that because the permit in question was issued prior to the 9/30/02 amendment, the two year expiration date applies. Appellant, conversely, argues that the new one year expiration date applies and therefore Officer Carr's permits was expired on April 30, 2003, when Appellant was administered the breathalyzer test.
 {¶ 25} Upon review of Ohio Adm. Code 3701-53-09, we agree with the trial court's finding that the permit involved was valid at the time of the administration of the test and that that the new one year expiration period applies only to permits issued after September 30, 2002. The current version of this rule provides: "(C) Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued . . .". However, we find that the permits in question were issued pursuant to the previous version of this rule, which provided for a two year expiration period.
 {¶ 26} It should first be noted that Ohio Adm. Code 3701-53-09 does not expressly state that it is to apply retroactively.
 {¶ 27} Article II, Section 28 of the Ohio Constitution prohibits retroactive laws.
 {¶ 28} It has been settled that the ban against retroactive legislation "`include[s] a prohibition against laws which commenced on the date of enactment and which operated in futuro, but which, in doing so, divested rights, particularly property rights, which had been vested anterior to the time of enactment of the laws.'" Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, 104-05. (citations omitted). Section 1.48 of the Ohio Revised Code requires the legislature, or rule making body to expressly state its intent in the body of the statute or rule that it is to apply to pending cases. Section 1.58 of the Ohio Revised Code preserves the rights accorded under a statute prior to its reenactment, amendment or repeal. In construing the predecessor to Section 1.58, the Ohio Supreme Court emphatically emphasized that the legislature must clearly express its intent that an amendment to a statute was to apply to pending cases.Kelly v. State ex rel. Gellner (1916), 94 Ohio St. 331,338-339.
 {¶ 29} In Youngstown Sheet Tube Co. v. Lindley (1988),38 Ohio St.3d 232, 234, 527 N.E.2d 828, the Supreme Court of Ohio recognized that an administrative rule, promulgated in accordance with statutory authority, has the force and effect of law. Thus, like a statute, an administrative rule is presumed to have a prospective effect unless a retrospective intent is clearly indicated. See Bellefontaine City School Dist. Bd. of Edn. v.Benjamin Logan Local School Dist. Bd. of Edn. (June 16, 1992), Franklin App. No. 91AP-1277, citing Greene v. United States
(1964), 376 U.S. 149, 84 S.Ct. 615, 11 L.Ed.2d 576. See, also,Martin v. Ohio Dept. of Human Services (1998),130 Ohio App.3d 512, 524, 720 N.E.2d 576, citing Batchelor v. Newness (1945),145 Ohio St. 115, 60 N.E.2d 685.
 {¶ 30} Nothing in the amended version of Ohio Adm. Code 3701-53-09 indicates that it is intended to operate retrospectively. State v. Brunson, 4th Dist. No. 04CA4,2004-Ohio-2874; State v. Baker, 5th Dist. No. 03-CA-77, 2004-Ohio-1769.
 {¶ 31} We conclude that the one-year expiration period contained in Ohio Adm. Code 3701-53-09(C) only applies to permits issued after September 30, 2002. Officer Carr received his permit on February 18, 2002. At the time, Ohio Adm. Code 3701-53-09 provided for a two-year expiration period. Thus, Officer Carr's permit is valid until February 18, 2004. Because Officer Carr possessed a valid permit at the time he administered Appellant's test, the trial court did not err in overruling Appellant's motion to suppress.
 {¶ 32} Based on the foregoing, we find Appellant's sole assignment of error not well taken and overrule same.
 {¶ 33} Accordingly, we affirm the trial court's judgment.
 {¶ 34} For the foregoing reasons, the judgment of the Tuscarawas County Court, is affirmed.
Gwin, P.J., Hoffman, J., and Farmer J., concur.
 {¶ 35} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court, is affirmed. Costs to appellant.