DECISION AND JUDGMENT ENTRY
{¶ 1} The State of Ohio appeals the Chillicothe Municipal Court's journal entry sustaining Rhonda Young's motion to suppress the results of an alcohol breath test. The State contends that the court erred in ruling that the permit held by the operator of the breath analysis machine expired one year after it was issued. Because we find that the operator's permit did not expire until two years from its date of issuance, we agree. Accordingly, we reverse the judgment of the trial court, and remand this case for further proceedings consistent with this opinion.
 I. {¶ 2} Ohio State Highway Patrol Trooper Douglas Debord arrested Young on September 30, 2003 and charged her with driving while under the influence of alcohol, in violation of R.C.4511.19(A)(1) and 4511.19(A)(3).[1] The latter charge resulted from Young submitting to a breath test administered by Tpr. Debord on a BAC Datamaster machine. The test showed that Young had .163 grams of alcohol per 210 liters of breath, and thus established a per se violation of R.C. 4511.19(A)(3).
 {¶ 3} Young filed a motion to suppress, alleging that Tpr. Debord did not possess a valid operators' permit for conducting breath tests. The parties stipulated to the fact that Tpr. Debord possessed a permit issued by the Ohio Department of Health on December 21, 2001. On its face, the permit states that it expires two years from its date of issue.
 {¶ 4} The version of Ohio Adm. Code 3701-53-09 that was in effect at the time the Ohio Department of Health issued Tpr. Debord's permit provides that permits "shall expire two years from the date issued, unless revoked prior to the expiration date." However, Ohio Adm. Code 3701-53-09 was amended, effective September 30, 2002, to provide that permits issued under that section "shall expire one year from the date issued, unless revoked prior to the expiration date." When Young submitted to the breath test on September 20, 2003, Tpr. Debord possessed the permit for more than one year, but less than two years from its issue date.
 {¶ 5} Young filed a motion to suppress the results of the breath test, arguing that the amendment of Ohio Adm. Code3701-53-09 invalidated the permit held by Tpr. Debord one year from its issue date. The State, while agreeing that permits issued after the effective date of the amendment to Ohio Adm. Code are valid for only one year, argued that permits issued prior to the effective date of the amendment are valid for two years.
 {¶ 6} The trial court sustained Young's motion to suppress. The State appeals, asserting the following assignment of error: "The trial court erred in granting the motion to suppress of defendant-appellee in that the officer who administered the breath test to the defendant-appellee did have a valid permit to operate the BAC Datamaster."
 II. {¶ 7} Our review of a decision on a motion to suppress presents mixed questions of law and fact. State v. McNamara
(1997), 124 Ohio App.3d 706, citing United States v. Martinez
(C.A. 11, 1992), 949 F.2d 1117, 1119. At a suppression hearing, the trial court is in the best position to evaluate witness credibility. State v. Dunlap (1995), 73 Ohio St.3d 308, 314. Accordingly, we must uphold the trial court's findings of fact if competent, credible evidence in the record supports them. Id. We then conduct a de novo review of the trial court's application of the law to the facts. State v. Anderson (1995),100 Ohio App.3d 688, 691; State v. Fields (Nov. 29, 1999), Hocking App. No. 99CA11.
 {¶ 8} Here, the parties stipulate to the facts. They further stipulate that in order for the results of a breath test to be admissible in a prosecution for a per se violation of R.C.4511.19(A)(3), the person administering the test must possess a valid permit. State v. Brunson, Washington App. No. 04CA4,2004-Ohio-2874 at ¶ 7, citing State v. Bayer (1991),72 Ohio App.3d 190, 192. Thus, the sole question before us is whether Tpr. Debord's permit expired one or two years from its issue date.
 {¶ 9} We considered this question in Brunson. There, we noted that R.C. 1.48 provides: "A statute is presumed to be prospective in operation unless expressly made retrospective." We further held that "like a statute, an administrative rule is presumed to have a prospective effect unless a retrospective intent is clearly indicated." Brunson at ¶ 10. Because nothing in the amended version of Ohio Adm. Code 3701-53-09 indicates that it is intended to operate retrospectively, and because the language of the rule indicates that the one-year expiration period only applies to permits issued under the current version of the rule, we concluded "that the one-year expiration period in Ohio Adm. Code 3701-53-09(C) only applies to permits issued after September 30, 2002." Brunson at ¶ 11, citing State v. Baker,
Fairfield App. No. 03CA77, 2004-Ohio-1769, at ¶ 32.
 {¶ 10} Young urges us to reconsider our decision inBrunson, and contends that the Brunson rationale applying R.C. 1.48 is faulty. Specifically, Young cites Gregory v.Flowers (1972), 32 Ohio St.2d 48, for the proposition that the prohibition against the retrospective application of laws applies only to laws that give rise to or take away substantive rights, and not to laws providing rules of practice or courses of procedure. However, Gregory relates to the constitutionalprohibition against retrospective application of laws, not to the presumption created by R.C. 1.48. While the Constitution prohibits retrospective application where it would impinge upon an individual's rights, R.C. 1.48 merely aids in the interpretation of statutes by creating a presumption that all
statutes are prospective unless expressly made retrospective. Thus, the constitutional rationale articulated in Gregory does not extend to negate the application of R.C. 1.48 to laws that are procedural in nature.
 {¶ 11} Young next argues that she is not, in fact, seeking the retrospective application of Ohio Adm. Code 3701-53-09(C). She quotes Cook v. Matvejs (1978), 56 Ohio St.2d 234, for her position that an amendment to a law that merely shortens a defined period of time actually "applies prospectively from its effective date." Id. at 238. Cook involved a statute that lowered the age of majority from twenty-one to eighteen. Because the statute of limitations for injuries to a minor does not begin to run until after a minor reaches the age of majority, the statute lowering the age of majority effectively accelerated the start date of the limitations period for the plaintiff, who, at the age of seventeen, was injured prior to the amendment of the statute. The plaintiff argued that the statute of limitations on his injury did not begin to run until he reached the age of twenty-one, and that to hold otherwise would require retrospective application of the statute.
 {¶ 12} The Supreme Court of Ohio disagreed, holding that the amendment applied prospectively from its effective date. The court reasoned that the plaintiff's substantive right to sue was not harmed, since the plaintiff still had two years in which to file suit, and that the only change was when the two-year period commenced. Cook at 237. Additionally, the court noted that R.C.1.58 did not apply to prevent the accelerated start date for the statute of limitations. R.C. 1.58(A) provides that: "The * * * amendment * * * of a statute does not * * *: (1) Affect the prior operation of the statute or any prior action taken thereunder; (2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder; * * *." The court ruled that since the plaintiff did not file suit before the amendment to the statute establishing the age of majority, the plaintiff had no vested right protected by R.C. 1.58. Id. at 238.
 {¶ 13} Young contends that both Cook and the present case involve shortening a proscribed time period, and therefore that both deal with the prospective application of an amendment to a law. In fact, the time period in Cook was only moved, not shortened. Id. at 237. Additionally, unlike the situation inCook, R.C. 1.58(A) applies here. Specifically, the issuance of a permit with an expiration date two years from the issue date constitutes a "prior action taken" under the amended statute, and thus, the amendment of the statute does not affect the issuance. R.C. 1.58(A). Moreover, like the offender in Brunson, we find that Young is clearly arguing for the retrospective application of a law. See Brunson at ¶ 12. Thus, we reject Young's contention that she merely seeks prospective application of the amendments.
 {¶ 14} Finally, Young argues that our decision in Brunson
ignores the rule that criminal laws must be strictly construed in favor of the defendant. Because this rule does not allow or require us to ignore the plain language of a law, we find that our decision in Brunson does not run afoul of strict construction of Ohio Adm. Code 3701-53-09. The amended version of Ohio Adm. Code 3701-53-09(C) specifically states: "Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued * * *." As we held in Brunson, this language "clearly indicates that the one-year expiration period only applies to permits issued under the amended version of the rule. Had the Department intended the one-year expiration period to apply to permits issued under the prior version of the rule, they could have included specific language expressing such an intent. However, the language of the rule evidences no such intent." Brunson at ¶ 11. Because the plain language of Ohio Adm. Code 3701-53-09 does not indicate that it applies to permits issued under prior versions of the regulation, we find that applying the amended regulation prospectively is consistent with a strict construction of the rule.
 {¶ 15} In summary, we conclude that the one-year expiration period contained in Ohio Adm. Code 3701-53-09(C) only applies to permits issued after September 30, 2002. Tpr. Debord received his permit on December 21, 2001. At the time, Ohio Adm. Code3701-53-09 provided for a two-year expiration period. Thus, Tpr. Debord's permit was valid until December 21, 2003. Because Tpr. Debord possessed a valid permit at the time he administered Young's test, the trial court erred in granting Young's motion to suppress. Accordingly, we reverse the trial court's judgment, and remand this case for further proceedings consistent with this opinion.
Judgment Reversed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.
[1] R.C. 4511.19 has since been amended, but we look to the version of the statute that was in effect at the time Young committed the offense.