DECISION AND JUDGMENT ENTRY
{¶ 1} The state of Ohio appeals the Chillicothe Municipal Court's decision granting Victoria Draise's motion to suppress the results of her breath alcohol test after finding that the officer who administered the test did not possess a valid senior operator permit. Based on our holding in State v. Brunson,
Washington App. No. 04CA4, 2004-Ohio-2874, we find that the Department of Health's amendment to Ohio Adm. Code 3701-53-09(C), which reduced the license validity period from two years to one year, did not apply to the testing officer because his license was issued prior to the date of the amendment. See, also, Statev. Lemaster, Ross App. No. 04CA2764, 2004-Ohio-4523. Therefore, the testing officer possessed a valid senior operator permit at the time the breath alcohol test was administered to Draise. Accordingly, we conclude the trial court erred in suppressing the test results. We reverse and remand this matter to the trial court.
 {¶ 2} On October 25, 2003, State Highway Patrol Trooper Dana Hutton charged Draise with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (A)(3). Trooper Hutton also charged Draise with a violation of R.C. 4511.33, a marked lanes offense. Draise filed a motion to suppress the results of her breath alcohol test. In her motion, Draise contended the state failed to act in accordance with the rules and regulations of the Revised Code and the Ohio Department of Health in administering the test since the officer who administered it did not possess a valid permit. As a result, Draise argued that the results from the breath alcohol test were inadmissible and subject to suppression. Subsequently, the trial court granted the motion, finding that Trooper Hutton did not hold a valid permit at the time of the administration of the breath alcohol test.
 {¶ 3} An appellate court has jurisdiction to entertain the state's appeal from a trial court decision to suppress evidence only where the state has complied with Crim.R. 12(J). State v.Fraternal Order of Eagles Aerie 0337 Buckeye (1991),58 Ohio St.3d 166, 168, 569 N.E.2d 478, citing State v. Buckingham
(1980), 62 Ohio St.2d 14, syllabus, 402 N.E.2d 536. The provisions of Crim.R. 12(J) are mandatory and jurisdictional. SeeFraternal Order of Eagles, Buckingham, supra. In this case, the law director complied with the Crim.R. 12 (J) requirements.
 {¶ 4} The state appeals and raises a single assignment of error: "The trial court erred in granting the motion to suppress of defendant appellee in that the officer who administered the breath test to the defendant appellee did have a valid permit to operate the bac datamaster."
 {¶ 5} In a motion to suppress, the trial court assumes the role of trier of fact, and as such, is in the best position to resolve questions of fact and evaluate witness credibility. See e.g., State v. Mills (1992), 62 Ohio St.3d 357, 366,582 N.E.2d 972, citing State v. Fanning (1982),1 Ohio St.3d 19, 20,437 N.E.2d 583; see, also, State v. Williams (1993),86 Ohio App.3d 37, 41,619 N.E.2d 1141. Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger
(1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. Ornelas v. UnitedStates (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911;State v. Klein (1991), 73 Ohio App.3d 486, 488,597 N.E.2d 1141; Williams, Guysinger, supra.
 {¶ 6} In its sole assignment of error, the state contests the trial court's conclusion that the testing officer, Trooper Hutton, did not posses a valid senior operating permit at the time he administered Draise's breath alcohol test. The Ohio Department of Health issued Trooper Hutton's permit on March 17, 2002, and the permit stated it expired two years from the date of issuance. In March 2002, Ohio Adm. Code 3701-53-09(C) provided that senior operating permits issued under that rule expired two years from the date of issuance. On September 30, 2002, the Ohio Department of Health amended Ohio Adm. Code 3701-53-09(C) to provide that senior operating permits issued under that rule were to expire one year from the date of issuance.
 {¶ 7} Draise argues that the amendment to Ohio Adm. Code3701-53-09(C) rendered Trooper Hutton's permit invalid at the time he administered the breath alcohol test to Draise in October 2003. Therefore, Draise contends that the results of the test are inadmissible at trial. We disagree. In State v. Brunson,
Washington App. No. 04CA4, 2004-Ohio-2874, we recently addressed this issue and held that the current one year expiration period in Ohio Adm. Code 3701-53-09(C) does not affect the validity of permits issued prior to the amendment of the rule. In view of the fact that the testing officer in Brunson received his permit in March 2002 and the version of the rule in effect at that time provided for a two year expiration period, we concluded that the officer possessed a valid permit when he administered the defendant's breath alcohol test in April 2003. Further, we wrote: "R.C. 1.48 provides: A statute is presumed to be prospective in operation unless expressly made retrospective. In YoungstownSheet Tube Co. v. Lindley (1988), 38 Ohio St.3d 232, 234,527 N.E.2d 828, the Supreme Court of Ohio recognized that an administrative rule, promulgated in accordance with statutory authority, has the force and effect of law. Thus, like a statute, an administrative rule is presumed to have a prospective effect unless a retrospective intent is clearly indicated. SeeBellefontaine City School Dist. Bd. of Edn. v. Benjamin LoganLocal School Dist. Bd. of Edn. (June 16, 1992), Franklin App. No. 91AP-1277, citing Green v. United States (1964),376 U.S. 149, 84 S.Ct. 615, 11 L.Ed.2d 576. See, also, Martin v. OhioDept. of Human Services (1998), 130 Ohio App.3d 512, 524,720 N.E.2d 576, citing Batchelor v. Newness (1945),145 Ohio St. 115, 60 N.E.2d 685." Brunson at ¶ 10. We concluded that amended version of Ohio Adm. Code 3701-53-09 failed to indicate that it was intended to apply retrospectively. Thus, we concluded that "the one-year expiration period in Ohio Adm. Code 3701-53-09(C) only applies to permits issued after September 30, 2002."Brunson at ¶ 16. See, also, State v. Lemaster, Ross App. No. 04CA2764, 2004-Ohio-4523.
 {¶ 8} Brunson and Lemaster apply here. Since Trooper Hutton's senior permit was issued on March 17, 2002, it remained valid until two years from that date. Because Trooper Hutton possessed a valid permit at the time of the administration of the breath alcohol test, the court erred in suppressing the test on the basis of invalid officer certification. Therefore, the judgment of the trial court is reversed and remanded for further proceedings in accordance with the law.[1]
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] The trial court did not have the benefit of either Brunson or Lemaster in making its decision here.