OPINION
{¶ 1} Defendant-appellant Michael Ruck, (hereinafter "Ruck"), appeals the judgment of the Auglaize County Municipal Court denying Ruck's motion to suppress the results of an alcohol breath test. Although originally placed on the accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} On April 16, 2004, the Wapakoneta Police Department arrested Ruck for Operating a Vehicle Under the Influence, in violation of R.C. 4511.19(A)(1) and Reckless Operation, in violation of R.C. 4511.20. Ruck's arrest was based on the results of an alcohol breath test administered by Trooper Daniel Edelbrock. The test indicated that Ruck's blood-alcohol-content was .134 grams of alcohol per 210 liters of breath, exceeding the legal limit. A jury trial was set for August 9, 2004.
 {¶ 3} On July 9, 2004, Ruck filed a motion to suppress the results of the breath test on the basis that Trooper Edelbrock, the test administrator, was not certified to use the testing instrument because his operator's permit had expired, in violation of Ohio Administrative Code 3701-53-09. Ruck argued that OAC 3701-53-09 was amended effective September 30, 2002 to change the expiration date of operator permits from two years to one year after issuance. Ruck asserted that since Trooper Edelbrock's permit to operate the testing instrument was issued July 26, 2002, the permit expired on July 26, 2003, approximately nine months before the time of Ruck's arrest.
 {¶ 4} The trial court denied the motion to suppress, determining that OAC 3701-53-09 did not apply retrospectively. Trooper Edelbrock's permit, issued under the former version of the rule, did not expire for two years, until July 26, 2004. Accordingly, Trooper Edelbrock's permit was valid and he was certified to use the testing instrument at the time of Ruck's arrest.
 {¶ 5} It is from the denial of the motion to suppress that Ruck appeals, setting forth one assignment of error for our review.
 Assignment of Error No. I The trial court erred when it ruled that the OhioAdministrative Code 3701-53-09(C), mandating a one yearexpiration date for senior operator permits for breath testinginstruments, does not apply to permits issued prior to September30, 2002.
 {¶ 6} Ruck asserts that Trooper Edelbrock was not properly certified to use the breath testing instrument at the time of Ruck's arrest because the trooper's permit had expired pursuant to the amended version of OAC 3701-53-09, effective September 30, 2002. Ruck contends that the amended version of the rule does not provide a clause by which previously issued permits are excluded from the amended expiration date of one year, but it rather states that all permits issued pursuant to OAC 3701-53-09 shall expire after one year. Therefore, Ruck asserts the trial court erred in determining that Trooper Edelbrock's permit was valid and denying his motion to suppress.
 {¶ 7} Our review of the denial of a motion to suppress involves mixed questions of law and fact. State v. Burnside,100 Ohio St.3d 152, 2003-Ohio-5372. When ruling on a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19. Therefore, if supported by competent, credible evidence, we must accept the trial court's findings of fact as true. Burnside,100 Ohio St.3d 152. With respect to the trial court's conclusions of law, however, we apply a de novo standard of review and decide whether the facts satisfy the applicable legal standard. Id.
 {¶ 8} OAC 3701-53-09 was promulgated by the Department of Health and governs alcohol testing. Specifically, the rule provides for the issuance and renewal of permits for laboratory directors, laboratory technicians, senior operators and operators of testing instruments. Prior to September 30, 2002, the rule provided that permits issued under the rule expired two years from the date of issuance. See State v. Brunson, 4th Dist. No. 04CA4, 2004-Ohio-2874. Effective September 30, 2002, however, the Department of Health amended OAC 3701-53-09. Id. The amended version provides, "[p]ermits * * * shall expire one year from the date issued, unless revoked prior to the expiration date." See OAC 3701-53-09.
 {¶ 9} Pursuant to R.C. 1.48, "a statute is presumed to be prospective in its operation unless expressly made retrospective." As recognized by the Ohio Supreme Court, an administrative rule, promulgated in accordance with statutory authority, has the force and effect of a statute. See YoungstownSheet Tube Co. v. Lindley (1988), 38 Ohio St.3d 232, 234. Therefore, an administrative rule is also presumed to have a prospective effect unless otherwise clearly indicated. Batchelorv. Newness (1945), 145 Ohio St. 115, 120.
 {¶ 10} In the case sub judice, Trooper Edelbrock's permit was issued on July 26, 2002, at the time the former version of OAC 3701-53-09 was effective. The trial court determined that the amended version of the rule was not the version under which Trooper Edelbrock's permit was issued and that because the amended version did not express an intent to invalidate the previously issued permits, the trooper's two year permit remained valid.
 {¶ 11} After review, we agree with the trial court's conclusion. There is nothing in the amended version of OAC 3701-53-09 to suggest an intent on the part of the Department of Health for the one-year expiration of permits to apply retrospectively. Therefore, we hold that the one-year expiration period applies only to permits issued after September 30, 2002.[1] Since Trooper Edelbrock's permit was issued on July 26, 2002, prior to September 30, 2002, it was still valid at the time of Ruck's arrest on April 16, 2004. Accordingly, we do not find that the trial court erred in denying Ruck's motion to suppress the results of his breath test.
 {¶ 12} Ruck's assignment of error is overruled.
 {¶ 13} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Rogers, J.J., concur.
[1] Accord State v. Baker, 5th Dist. No. 03-CA-77, 2004-Ohio-1769; State v. Brunson, 4th Dist. No. 04CA4,2004-Ohio-2874; State v. Douglas, 1st Dist. No. C-030897,2004-Ohio-5726.