DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William J. Orr, appeals the decision of the Barberton Municipal Court, which found him guilty of driving with prohibited blood alcohol content. This Court affirms.
 I. {¶ 2} Trooper Michael Cannon of the Ohio Highway Patrol pulled over the vehicle being operated by appellant because there was no white light illuminating from the vehicle's rear license plate. Trooper Cannon then had appellant perform some field sobriety tests. After his arrest, appellant submitted to a BAC DataMaster test administered by Trooper Cannon. The test result was 0.094 g/210L. Appellant was charged with driving while under the influence, a violation of R.C. 4511.19(A)(1); driving with a prohibited blood alcohol content, a violation of R.C.4511.19(A)(3); and a tail light violation under R.C. 4513.05.
 {¶ 3} On March 5, 2004, appellant filed a motion to suppress any evidence of the test result. The State replied to the motion on June 8, 2004. The trial court overruled appellant's motion to suppress in an entry dated June 30, 2004. After the trial court denied his motion to suppress, appellant entered a plea of no contest to driving with prohibited alcohol content, a violation of 4511.19(A)(3). The remaining charges were dropped. The trial court accepted appellant's plea, found him guilty, and sentenced him accordingly.
 {¶ 4} Appellant timely appealed, setting forth one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court erred in refusing to grant appellant orr's motion to suppress."
 {¶ 5} In his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress. Specifically, appellant avers that Trooper Cannon did not possess a valid senior operator permit when the BAC DataMaster test was administered to appellant. This Court disagrees.
 {¶ 6} At the time the test was administered, Trooper Cannon was the holder of senior operator permit number 77461-S-6, issued by the Ohio Department of Health, Bureau of Alcohol and Drug Testing, on July 26, 2002. Trooper Cannon's permit was issued pursuant to Ohio Adm. Code3701-53-09(A), effective July 7, 1997. Ohio Adm. Code 3701-53-09(B), effective July 7, 1997, provided for such permits to be valid for a period of two years, stating, in pertinent part:
"Permits issued under paragraph (A) of this rule shall expire two years from the date issued, unless revoked prior to the expiration date."
 {¶ 7} On September 30, 2004, Ohio Adm. Code 3701-53-09(C) became effective. Ohio Adm. Code 3701-53-09(C) changed the expiration of a senior operators permit from two years to one year from the date issued, stating, in pertinent part:
"Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued, unless revoked prior to the expiration date. An individual holding a permit may seek renewal of an issued permit by the director under paragraphs (A) and (B) of this rule by filing an application with the director no sooner than six months before the expiration date of the current permit."
 {¶ 8} Appellant argues that enactment of Ohio Adm. Code 3701-53-09(C) had the effect of making Trooper Cannon's senior operator permit expire in September 2003. The State argues that because the permit in question was issued prior to the September 30, 2002 amendment, the two-year expiration date applies, and Trooper Cannon's permit was valid until July 26, 2004. Therefore, the State maintains that Trooper Cannon's permit was valid when he administered the test to appellant.
 {¶ 9} R.C. 1.48 provides: "A statute is presumed to be prospective in its operation unless expressly made retrospective." In Youngstown Sheet Tube Co. v. Lindley (1988), 38 Ohio St.3d 232, 234, the Supreme Court of Ohio recognized that an administrative rule, promulgated in accordance with statutory authority, has the force and effect of law. "Thus, like a statute, an administrative rule is presumed to have a prospective effect unless a retrospective intent is clearly indicated." (Citations omitted.)State v. McDonald, 4th Dist. No. 04CA7, 2004-Ohio-5395, at ¶ 7.
 {¶ 10} Nothing in the amended version of Ohio Adm. Code 3701-53-09
indicates that it is intended to operate retrospectively. Ohio Adm. Code3701-53-09(C) specifically states: "Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued * * *." Therefore, the language of the rule clearly indicates that the one-year expiration period only applies to permits issued under the amended version of the rule. Had the Department of Health intended the one-year expiration period to apply to permits issued under the prior version of the rule, they could have included specific language expressing such intent. However, the language of the rule evidences no such intent. Absent evidence that the Department of Health intended Ohio Adm. Code3701-53-09 to operate retrospectively, this Court concludes that the one-year expiration period in Ohio Adm. Code 3701-53-09(C) only applies to permits issued after September 30, 2002. Id. See, also, State v.Baker, 5th Dist. No. 03-CA-77, 2004-Ohio-1769, at ¶ 32. Consequently, appellant's assignment of error is overruled.
 III. {¶ 11} The decision of the Barberton Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Batchelder, J., concur.