DECISION AND JUDGMENT ENTRY
{¶ 1} The State of Ohio appeals the trial court's judgment granting Jason Lemaster's motion to suppress the results of his chemical breath test. The State contends that the court erred in concluding that the testing officer did not have a valid senior operating permit and, thus, the tests results were inadmissible. Based on our decision in State v. Brunson, Washington App. No. 04CA4, 2004-Ohio-2874, we find that the Department of Health's amendment to Ohio Adm. Code 3701-53-09(C), which reduced the license validity period from two years to one year, did not apply to the testing officer because his license was issued prior to the effective date of the amendment. Therefore, the testing officer possessed a valid permit at the time he administered the chemical breath test to Lemaster and the court erred in suppressing the test results. We reverse and remand this matter to the trial court.
 {¶ 2} In October 2003, Lemaster was arrested and charged in the Chillicothe Municipal Court with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1) and operating a motor vehicle with a prohibited blood-alcohol content in violation of R.C. 4511.19(A)(3). Lemaster filed a motion to suppress the results of his chemical breath test on the ground that the State failed to comply with the rules and regulations of the Revised Code and the Ohio Department of Health in administering the test. Specifically, Lemaster alleged that the officer who administered the test did not possess a valid permit to perform the test. The parties stipulated to the relevant facts.
 {¶ 3} Following a hearing, the trial court ruled that the results of the test were inadmissible because the testing officer's senior operating permit was out of date. The State filed a timely appeal and a Crim.R. 12(J) certification. In its sole assignment of error, the State asserts: "The trial court erred in granting the motion to suppress of Defendant Appellee in that the officer who administered the breath test to the Defendant Appellee did have a valid permit to operate the BAC Datamaster."
 {¶ 4} Appellate review of a trial court's decision regarding a motion to suppress involves mixed questions of law and fact.State v. Featherstone, 150 Ohio App.3d 24,2002-Ohio-6028, 778 N.E.2d 1124, at ¶ 10, citing State v. Vest, Ross App. No. 00CA2576, 2001-Ohio-2394; State v. Long (1998), 127 Ohio App.3d 328,332, 713 N.E.2d 1. We are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Dunlap, 73 Ohio St.3d 308, 314,1995-Ohio-243, 652 N.E.2d 988; State v. Fanning (1982),1 Ohio St.3d 19, 20, 437 N.E.2d 583. However, we must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. Featherstone; Medcalf; State v. Fields (Nov. 29, 1999), Hocking App. No. 99CA11. Because the material facts are not in dispute here, the trial court's decision to grant the motion to suppress involves only a question of law, which we review de novo. State v. Russell (1998), 127 Ohio App.3d 414,416, 713 N.E.2d 56; Ornelas v. United States (1996),517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911.
 {¶ 5} The State contends that the trial court's conclusion that the testing officer, Trooper Hutton, did not have a valid senior operating permit at the time he administered Lemaster's chemical breath test is erroneous. The Ohio Department of Health issued Trooper Hutton's permit on March 17, 2002, and the permit stated that it expired two years from the date of issuance. In March 2002, Ohio Adm. Code 3701-53-09(C) provided that operating permits issued under the rule expired two years from the date of issuance. Effective September 30, 2002, however, the Department of Health amended Ohio Adm. Code 3701-53-09(C). Ohio Adm. Code3701-53-09(C) now provides: "Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued, unless revoked prior to the expiration date."
 {¶ 6} Lemaster argues that the amendment to the administrative code rendered Trooper Hutton's senior operating permit invalid at the time of Lemaster's arrest in October 2003. According to Lemaster, the permit expired on September 30, 2003, one year from the effective date of the amendment to the code and three weeks before Trooper Hutton administered his test. Consequently, the results of the test are inadmissible at trial.
 {¶ 7} We disagree. In State v. Brunson, Washington App. No. 04CA4, 2004-Ohio-2874, we considered this issue.[1] InBrunson, we concluded that the current one-year expiration period in Ohio Adm. Code 3701-53-09(C) does not affect the validity of permits issued under the pre-amendment rule. Because the testing officer in Brunson received his permit in March 2002 and the version of the rule in effect at that time provided for a two-year expiration period, we concluded that the officer possessed a valid permit when he administered the defendant's breath alcohol test in April 2003. Although Lemaster argues that Trooper Hutton's permit expired one year from the effective date of the statutory amendment rather than one year from the permit's issuance, we specifically held in Brunson that "the one-year expiration period in Ohio Adm. Code 3701-53-09(C) only applies topermits issued after September 30, 2002." (Emphasis added.)Brunson at ¶ 11. We conclude that Trooper Hutton's senior operating permit, which the Department of Health issued in March 2002, was valid at the time he performed the test on Lemaster in October 2003.
 {¶ 8} Lemaster does not dispute the applicability ofBrunson, but argues that our decision is erroneous because it wrongly focuses on the retroactivity prohibition of R.C. 1.48, which states: "A statute is presumed to be prospective in operation unless expressly made retrospective." Administrative rules promulgated in accordance with statutory authority are treated like statutes and also presumed to have a prospective effect unless a retrospective intent is clearly indicated. SeeBellefontaine City School Dist. Bd. of Edn. v. Benjamin LoganLocal School Dist. Bd. of Edn. (June 16, 1992), Franklin App. No. 91AP-1277, citing Greene v. United States (1964),376 U.S. 149, 84 S.Ct. 615, 11 L.Ed.2d 576. Lemaster contends that, although R.C. 1.48 prohibits retroactive application of statutes that affect substantive rights, it does not prohibit retroactive application of remedial statutes. He cites Smith v. New YorkCent. RR. Co. (1930), 122 Ohio St. 45, 170 N.E.2d 637; Gregoryv. Flowers (1972), 32 Ohio St.2d 48, 290 N.E.2d 181; and Cookv. Matvejs (1978), 56 Ohio St.2d 234, 383 N.E.2d 601, in support of his argument.
 {¶ 9} Smith and Gregory address the constitutionality of retroactive legislation. Section 28, Article II of the Ohio Constitution states that: "The General Assembly shall have no power to pass retroactive laws * * *." However, the Ohio Supreme Court held that this provision applies only to substantive, not remedial, laws. Gregory, 32 Ohio St.2d at 52-53. Thus, there is no constitutional inhibition against enacting laws relating to remedies and applying them retroactively. Id. at 54.
 {¶ 10} While these principles may be true, they are not relevant here. The question before us is whether the Department of Health amended Ohio Adm. Code 3701-53-09(C) retroactively, not whether it could have made a retroactive amendment. The constitutionality of a retroactive amendment would have been relevant only if we determined that the Department of Health actually amended the rule retroactively. We must assume that an administrative rule has prospective effect unless a retrospective intent is clearly indicated. Because no retroactive intent is apparent in amended Ohio Adm. Code 3701-53-09(C), Brunson at ¶ 11, we reject Lemaster's contention.
 {¶ 11} We also conclude that the Supreme Court's rationale inCook does not require us to declare Trooper Hutton's senior operating permit invalid. In Cook, the plaintiff was injured in an accident prior to January 1, 1974, while he was under the age of twenty-one. Under R.C. 2305.16, the plaintiff could bring an action within two years of attaining the age of majority, which was then twenty-one. 56 Ohio St.2d at 235-236. However, effective January 1, 1974, the legislature lowered the age of majority to eighteen. Id. at 236. The plaintiff had not yet filed suit at the time the change took effect. The amendment shortened the period in which the plaintiff could file suit and he argued that this change could not be retroactively applied to him since he turned eighteen prior to January 1, 1974.
 {¶ 12} The Supreme Court of Ohio disagreed. The Court noted that the plaintiff's substantive right to sue was not "destroyed" by the amendment since the plaintiff still had two years in which to sue as mandated by R.C. 2305.10. Id. at 237. The only change was that the two-year period commenced on the effective date of the amendment, rather than on the plaintiff's twenty-first birthday. Id. The court concluded that the amendment lowering the age of majority applied prospectively, so that the applicable statute of limitations for personal injuries to a minor commenced either on January 1, 1974 or the date on which the plaintiff-minor reached the new age of majority, whichever was later. Id.
 {¶ 13} Lemaster contends that, under the Cook rationale, the amendment to Ohio Adm. Code 3701-53-09(C) "acts prospectively from September 30, 2002, and limits existing permits to the time remaining on the permit or one year from September 30, 2002." We disagree.
 {¶ 14} Lemaster's argument ignores R.C. 1.58(A), which provides that: "The * * * amendment * * * of a statute does not * * *: (1) Affect the prior operation of the statute or anyprior action taken thereunder; (2) Affect any validation, cure, right privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder; * * *." (Emphasis added.) This statutory rule of construction applies equally to rules enacted by administrative bodies pursuant to statutory authority. R.C. 1.41. Thus, it applies to Ohio Adm. Code3701-53-09. Since the Department of Health issued a senior operating permit to Officer Hutton under the earlier version of the rule, the amendment has no effect on that permit.
 {¶ 15} In Cook, the plaintiff had not filed suit at the time the change in the age of majority went into effect. Therefore, as the Ohio Supreme Court noted, the plaintiff had no vested right protected by R.C. 1.58. Id. at 238. Moreover, theCook holding was narrowly based on the interaction between a change in the age of majority and its effect on the statute of limitations under which a minor can file a lawsuit, not on the effect a change in an administrative rule has on existing license holders.
 {¶ 16} Lemaster also argues that we should interpret Ohio Adm. Code 3701-53-2002 as applying a one year period of validity to Officer Hutton's permit because criminal laws must be strictly construed against the State under R.C. 1.11. Lemaster contends that, although Ohio Adm. Code 3701-53-2002 is not expressly a penal statute, it is penal by extension because the State must rely on its provisions in order to obtain a conviction.
 {¶ 17} We dispute Lemaster's contention that this rule is penal in nature merely because it affects criminal cases. Ohio Adm. Code 3701-53-2002 is a licensing statute which regulates those seeking to perform tests on the amount of alcohol or drugs of abuse in a person's blood, urine, or other bodily substance. While these tests may be primarily used in criminal proceedings, the results are also relevant in other contexts. Moreover, even assuming the rule is penal in nature, "`the canon in favor of strict construction of criminal statutes is not an obstinate rule which overrides common sense and evident statutory purpose.'"State v. Warner (1990), 55 Ohio St.3d 31, 62, 564 N.E.2d 18, 47
(addressing R.C. 2901.04(A), which holds that criminal statutes are generally strictly construed against the State), quotingUnited States v. Moore (1975), 423 U.S. 122, 145, 96 S.Ct. 335,347, 46 L.Ed.2d 333. Even construing Ohio Adm. Code 3701-53-2002(C) strictly against the State, there is no indication that the Department of Health intended to shorten the validity period of permits issued under the pre-amendment rule.
 {¶ 18} We conclude that the trial court erred in finding that Trooper Hutton's senior operating permit was invalid and in granting Lemaster's motion to suppress. We sustain the State's sole assignment of error and reverse and remand this matter to the trial court for further action consistent with this opinion.
Judgment Reversed and Cause Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] Because the trial court ruled on Lemaster's motion to suppress in February 2004 and we released Brunson in May 2004, the court did not have the benefit of our decision in deciding the motion.