OPINION
{¶ 1} Pursuant to Crim.R. 12(K) and App.R. 4(B)(4), plaintiff-appellant, City of Columbus ("the city"), appeals from the decision of the Franklin County Municipal Court granting the motion of defendant-appellee, Rachel M. Childs, to suppress the results of appellee's BAC Datamaster breath test in this prosecution for operating a motor vehicle under the influence of alcohol ("OMVI impaired") and for operating a motor vehicle with a per se prohibited concentration of blood alcohol ("OMVI per se").
 {¶ 2} On May 16, 2004, Columbus Division of Police officer Terri S. Davis initiated a stop of appellee's vehicle as it was traveling on Dublin-Granville Road in Columbus. Upon investigating, officer Davis determined that there was probable cause to believe that appellee was operating her motor vehicle while under the influence of alcohol, and arrested appellee for a violation of Columbus City Code 2133.01(A)(1), which creates the offense of OMVI impaired. Following her arrest, appellee agreed to take a BAC Datamaster breath test to determine her blood alcohol content. The test result indicated that the sample appellee provided contained .110 grams of alcohol per 210 liters of breath. Thereafter, appellee was charged with an additional count of OMVI per se.
 {¶ 3} After appellee was arraigned and entered a not guilty plea to the charges, she filed a motion to suppress the results of the BAC Datamaster test. As it was submitted to the trial court, the motion raised the single issue of whether the operator of the BAC Datamaster, Perry Township Police officer D. Pickney, held a valid operator's permit at the time he administered appellee's test.
 {¶ 4} The regulations governing permits for individuals who perform testing to determine the amount of alcohol in a person's breath provide, in pertinent part:
(A) Individuals desiring to function as laboratory directors or laboratory technicians shall apply to the director of health for permits on forms prescribed and provided by the director. A separate application shall be filed for a permit to perform tests to determine the amount of alcohol in a person's blood, urine or other bodily substance, and a separate permit application shall be filed to perform tests to determine the amount of drugs of abuse in a person's blood, urine or other bodily substance. A laboratory director's and laboratory technician's permit is only valid for the laboratory indicated on the permit.
* * *
(B) Individuals desiring to function as senior operators or operators shall apply to the director of health for permits on forms prescribed and provided by the director of health. A separate application shall be filed for each type of evidential breath testing instrument for which the permit is sought.
The director of health shall issue appropriate permits to perform tests to determine the amount of alcohol in a person's breath to individuals who qualify under the applicable provisions of rule 3701-53-07 of the Administrative Code. Individuals holding permits issued under this rule shall use only those evidential breath testing instruments for which they have been issued permits.
(C) Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued, unless revoked prior to the expiration date. An individual holding a permit may seek renewal of an issued permit by the director under paragraphs (A) and (B) of this rule by filing an application with the director no sooner than six months before the expiration date of the current permit. The director shall not renew the permit if the permit holder is in proceedings for revocation of his or her current permit under rule 3701-53-10 of the Administrative code.
Ohio Adm. Code 3701-53-09. The above section formerly provided that such permits expired two years from the date of issuance, but on September 30, 2002, an amendment took effect that limited each period of validity to just one year.
 {¶ 5} The only witness at the suppression hearing was Dean Ward, Chief of the Bureau of Alcohol and Drug Testing for the Ohio Department of Health ("the department"). Mr. Ward was involved in drafting the changes to Ohio Adm. Code 3701-53-09 that became effective on September 30, 2002.
 {¶ 6} He testified that to obtain a permit to administer chemical testing, an individual must apply, attend 16 hours of training, and successfully complete an examination. Once an individual has completed these requirements, he or she is issued a permit by the department. Thereafter, the department notifies each permit holder, within six months of the expiration of his or her permit, that the individual may renew the permit at any time prior to expiration. In order to obtain a renewal, a permit holder must complete an application and successfully complete an examination. Each renewal permit bears the same permit number as did the previous permit. Also, each renewal bears an "issue date" that is an anniversary of the original issue date, and an "expiration date" that is either one or two years after the "issue date."
 {¶ 7} According to Mr. Ward, the department was not informed of the effective date of the amendment to Ohio Adm. Code 3701-53-09 until ten days prior to that date. This presented a dilemma for the agency because if it waited until the effective date of the legislation to process some of the applications that it had in hand, then some permits would expire before they could be renewed. As a result, Mr. Ward sought direction from the Director of the department, who told him to issue two-year permits to each permit holder who applied for renewal before September 30, 2002, and to issue one-year permits to each permit holder who applied for renewal after that date. This resulted in some permits, like that of officer Pickney, being renewed for two years even though the "issue date" marked on the face of the permit was chronologically after the effective date of the change from two-year permits to one-year permits.
 {¶ 8} Mr. Ward testified that officer Pickney applied for permit renewal and took his renewal examination on September 4, 2002, in anticipation of the expiration of his permit on January 30, 2003. On September 6, 2002, Mr. Ward certified that officer Pickney had completed the requirements necessary to receive a renewal. Thereafter, the Director of the department signed officer Pickney's permit, and the department mailed the renewed permit to the officer on September 12, 2002. This mailing occurred before the department was notified as to when the amendment to Ohio Adm. Code 3701-53-09 would become effective.
 {¶ 9} On its face, the permit indicates an "issue date" of January 30, 2003, and an "expiration date" of January 30, 2005. Mr. Ward testified that officer Pickney's renewal was issued as a two-year permit even though his former permit expired after the effective date of the change to one-year permits because, at the time that officer Pickney's permit was processed and mailed, the rule specified that permits were valid for two years. Mr. Ward explained, "[w]e would not have issued any one-year permits without a rule being in place." (Tr., 15.)
 {¶ 10} On cross-examination, Mr. Ward explained that the "issue date" on the face of a permit does not correspond to the application or examination dates for renewals, nor does it correspond to the date the Director approved the renewal application, or the date the renewed permit was mailed, since all of those actions can take place at any time within the six months preceding expiration. Rather, the "issue date" simply corresponds to the date the officer passed his or her original examination. Likewise, the "expiration date" corresponds to one or two years beyond the "issue date" for any particular permit (depending upon which version of the rule was in place at the time the renewal was processed by the department). (Tr., 23-24.)
 {¶ 11} Appellee argued that because the "issue date" on the face of officer Pickney's permit is a date after the effective date of the amendment, the one-year validity period applies. As such, the officer's permit expired on January 30, 2004, four months before appellee's breath test. Appellee argued that the test results must be suppressed because the invalid permit makes it impossible for the city to demonstrate the substantial compliance with department regulations that is required as a foundation for the admissibility of such results.
 {¶ 12} The city argued that it was not an abuse of the department's discretion to issue a two-year permit to officer Pickney, and to do so based on its judgment that all renewals processed before the amendment took effect should be processed under the two-year expiration period specified in the version of the regulation that was in place at the time. It was likewise not an abuse of discretion, the city urged, for the department to specify that the officer's permit expired on January 30, 2005. The city argued that the motion to suppress should be denied because the officer held a valid operator's permit at the time he administered appellee's breath test. In the alternative, the city argued that if the trial court found the permit was invalid at the time of the breath test, this fact would go to weight, not admissibility, and the court should still admit the evidence.
 {¶ 13} The trial court agreed with appellee. It found that officer Pickney did not hold a valid operator's permit at the time of the test, and that the city had thus not shown substantial compliance with the regulations pertaining to breath testing. Accordingly, the trial court suppressed the BAC Datamaster results. This appeal followed.
 {¶ 14} The city asserts the following two assignments of error for our review:
First Assignment of Error
The trial court erred in suppressing the result of a blood alcohol breath test (BAC) of a defendant in a prosecution for driving under the influence on the basis that the BAC operator's permit was not valid on its face, absent any abuse of discretion by the Director of the Ohio Department of Health in issuing said operator's permit to the police officer conducting the BAC test.
Second Assignment of Error:
The trial court erred in suppressing the results of a blood alcohol breath test based upon its finding that the operator did not have a valid permit because even assuming the BAC operator's permit was invalid, the proper remedy is not suppression.
 {¶ 15} This court has held:
There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; and State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.
State v. Pingor (Nov. 20, 2001), 10th Dist. No. 01AP-302, 2001-Ohio-4088, 2001 Ohio App. LEXIS 5156, at *7-8. (Emphasis sic.)
 {¶ 16} In the instant appeal, the city's challenge of the trial court's ruling is based on the second and third methods. "At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." State v. Mills (1992),62 Ohio St.3d 357, 366, 582 N.E.2d 972, quoting State v. Fanning (1982),1 Ohio St.3d 19, 20, 1 OBR 57, 437 N.E.2d 583. As such, the reviewing court must accept the trial court's findings of fact if the same are supported by competent, credible evidence. State v. Pena, 10th Dist. No. 03AP-174, 2004-Ohio-350, at ¶ 7. But we must "independently determine as a matter of law, without deference to the trial court's conclusions, whether the findings of fact satisfy the appropriate legal standard." Ibid., quoting State v. Goins (Oct. 22, 1998), 10th Dist. No. 98AP-266.
 {¶ 17} The parties do not dispute that officer Pickney's permit was processed on September 6, 2002, and mailed to him on September 12, 2002. It is also undisputed that the "issue date" on the face of the permit is "January 30, 2003" and the "expiration date" on the permit is "January 30, 2005." Thus, this appeal requires us to determine whether the trial court utilized the appropriate legal principles in passing upon appellee's motion to suppress, and also whether the lower court correctly decided the ultimate issue presented by the motion, to wit: whether officer Pickney possessed a valid operator's permit at the time he administered appellee's breath test.
 {¶ 18} Section 3701.143 of the Ohio Revised Code provides:
For purposes of section 4511.19 of the Revised Code, the director of health shall determine, or cause to be determined, techniques or methods for chemically analyzing a person's blood, urine, breath, or other bodily substance in order to ascertain the amount of alcohol, a drug of abuse, or alcohol and a drug of abuse in the person's blood, urine, breath, or other bodily substance. The director shall approve satisfactory techniques or methods, ascertain the qualifications of individuals toconduct such analyses, and issue permits to qualified persons authorizingthem to perform such analyses. Such permits shall be subject totermination or revocation at the discretion of the director.
(Emphasis added.)
 {¶ 19} Based upon the testimony of Mr. Ward adduced at the suppression hearing in the present case, it is clear that the department exercised its statutorily conferred discretion when faced with the question of whether to apply the amended version of Ohio Adm. Code 3701-53-09(C) retroactively, and whether to do so even before the department was informed of the effective date of the amendment. This problem presented itself due to the department's practice, pursuant to Ohio Adm. Code3701-53-09(C), of allowing permit holders to renew their permits up to six months in advance of the expiration date of their current permit. Mr. Ward testified that this practice was necessary to avoid a situation in which so many renewal applications were requested all at once that the department would not be able to process them before all of such permits expired.
 {¶ 20} The department chose to apply the amendment prospectively, and thus to issue two-year permits to officers who applied for renewal before the effective date of the amendment, even if it turned out — as it did in this case — that the officer's former permit bore an expiration date occurring after the effective date of the amendment. The question before us is whether this was an abuse of the department's discretion. We conclude that it was not.
 {¶ 21} An administrative rule that is issued pursuant to statutory authority has the force of law unless it is unreasonable or conflicts with a statute covering the same subject matter. Youngstown Sheet TubeCo. v. Lindley (1988), 38 Ohio St.3d 232, 234, 527 N.E.2d 828, 830. "A statute is presumed to be prospective in operation unless a retrospective effect is clearly indicated." State v. LeMaster, 4th Dist. No. 04CA2764, 2004-Ohio-4523, at ¶ 8, citing Bellefontaine City School Dist. Bd. ofEdn. v. Benjamin Logan Local School Dist. Bd. of Edn. (June 16, 1992), 10th Dist. No. 91AP-1277, citing Greene v. United States (1964),376 U.S. 149, 84 S.Ct. 615, 11 L.Ed.2d 576. There is no retroactive intent apparent in amended Ohio Adm. Code 3701-53-09(C). LeMaster, supra, at ¶ 10; State v. Brunson, 4th Dist. No. 04CA4, 2004-Ohio-2874, at ¶ 11. Thus, it was reasonable for the department to apply the amended version of the rule prospectively.
 {¶ 22} Moreover, we are required to give considerable deference to an administrative agency's interpretation of its own rules and regulations. See, e.g., Jones Metal Products Co. v. Walker (1972), 29 Ohio St.2d 173,181, 58 O.O.2d 393, 281 N.E.2d 1; State ex rel. Kroger Co. v. Stover
(1987), 31 Ohio St.3d 229, 235, 31 OBR 436, 510 N.E.2d 356; State exrel. Celebrezze v. National Lime Stone Co. (1994), 68 Ohio St.3d 377,382, 627 N.E.2d 538. We find no abuse of discretion in the department's resolution of the apparent conflict between its advance processing of permit renewals and what, in this case, amounted to the "intervening" event of the amendment of Ohio Adm. Code 3701-53-09(C), which occurred between the time officer Pickney's renewal was processed and the time his former permit expired.
 {¶ 23} On that basis, we find that the trial court erred when it concluded that officer Pickney's permit was not valid at the time appellee's breath test was conducted. It also erred when it suppressed appellee's breath test result based upon such conclusion. Accordingly, the city's first assignment of error is sustained.
 {¶ 24} Because we have determined that officer Pickney's operator's permit was indeed valid at the time of appellee's breath test, we need not consider the city's second assignment of error.
 {¶ 25} For all of the foregoing reasons, the city's first assignment of error is sustained and its second assignment of error is moot. The decision of the Franklin County Municipal Court is reversed, and this matter is remanded to that court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded. 
McGrath and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.