OPINION
{¶ 1} Defendant-appellant, Jacob Anderson ("appellant"), appeals from an entry overruling his motion to suppress the results of his blood alcohol concentration ("BAC") test.
 {¶ 2} On April 9, 2004, appellant was stopped by a Grandview Heights Police Officer and was cited with two counts of OVI. Prior to being cited, appellant was offered a breath test and provided a sample, which registered 0.183 grams of alcohol per 210 liters of breath. The breath test was performed at the Grandview Heights Police Department by Officer Adkins.
 {¶ 3} On August 23, 2004, appellant filed a motion to suppress the results of the BAC test arguing that the senior operator permits issued to Officer Adkins and Officer Beeba were not valid on the date the BAC test was administered. Following a hearing on the matter, by entry filed August 26, 2004, the trial court denied appellant's motion to suppress. This appeal followed.
 {¶ 4} Appellant asserts the following assignment of error:
THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS AS THE PERMITS ISSUED TO OFFICER'S (sic) ADKINS AND BEEBA WERE NOT VALID ON THE DATE THE TEST WAS ADMINISTERED.
 {¶ 5} As we held in State v. Robertson, Franklin App. No. 03AP-277, 2004-Ohio-556, at ¶ 4:
There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19, 1 Ohio B. 57, 437 N.E.2d 583; and State v.Klein (1991), 73 Ohio App.3d 486, 597 N.E.2d 1141. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v.Williams (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App. 3d 93, 641 N.E.2d 1172; and State v. Claytor (1993),85 Ohio App.3d 623, 620 N.E.2d 906.
 {¶ 6} In the instant appeal, appellant's challenge of the trial court's ruling is based on the second and third methods. "At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." State v. Mills (1992),62 Ohio St.3d 357, 366, quoting State v. Fanning (1982), 1 Ohio St.3d 19,20. As such, the reviewing court must accept the trial court's findings of fact if the same are supported by competent, credible evidence. Statev. Pena, Franklin App. No. 03AP-174, 2004-Ohio-350, at ¶ 7. But we must "independently determine as a matter of law, without deference to the trial court's conclusions, whether the findings of fact satisfy the appropriate legal standard." Ibid., quoting State v. Goins (Oct. 22, 1998), Franklin App. No. 98AP-266, 1998-Ohio-App. LEXIS 4916.
 {¶ 7} Pursuant to R.C. 3701.143, the Director of the Ohio Department of Health is charged with the responsibility for determining who is qualified to administer a test to determine the blood alcohol level of an individual, the results of which are then admissible in a prosecution under R.C. 4511.19 or equivalent municipal statutes. In accordance with R.C. 3701.143, the Director of Health promulgated rules that govern permits for those individuals who perform BAC testing. Relevant to this action, Ohio Adm. Code 3701-53-09 provides, in pertinent part:
(A) Individuals desiring to function as laboratory directors or laboratory technicians shall apply to the director of health for permits on forms prescribed and provided by the director. A separate application shall be filed for a permit to perform tests to determine the amount of alcohol in a person's blood, urine or other bodily substance, and a separate permit application shall be filed to perform tests to determine the amount of drugs of abuse in a person's blood, urine or other bodily substance. A laboratory director's and laboratory technician's permit is only valid for the laboratory indicated on the permit.
* * *
(B) Individuals desiring to function as senior operators or operators shall apply to the director of health for permits on forms prescribed and provided by the director of health. A separate application shall be filed for each type of evidential breath testing instrument for which the permit is sought.
The director of health shall issue appropriate permits to perform tests to determine the amount of alcohol in a person's breath to individuals who qualify under the applicable provisions of rule 3701-53-07 of the Administrative Code. Individuals holding permits issued under this rule shall use only those evidential breath testing instruments for which they have been issued permits.
(C) Permits issued under paragraphs (A) and (B) of this rule shall expire one year from the date issued, unless revoked prior to the expiration date. An individual holding a permit may seek renewal of an issued permit by the director under paragraphs (A) and (B) of this rule by filing an application with the director no sooner than six months before the expiration date of the current permit. The director shall not renew the permit if the permit holder is in proceedings for revocation of his or her current permit under rule 3701-53-10 of the Administrative code.
 {¶ 8} The above stated rule became effective on September 30, 2002. Prior to this date, rules effective September 7, 1997, governed, and Ohio Adm. Code 3701-53-09 read, in part, "[p]ermits issued under paragraph (A) of this rule shall expire two years from the date issued, unless revoked." (Emphasis added.)
 {¶ 9} The only witness to testify at the suppression hearing was Mr. Ward, Bureau Chief of the Bureau of Alcohol and Drug Testing under the Ohio Department of Health ("Ward"). Ward was involved in drafting the changes to Ohio Adm. Code 3701-53-09 that became effective on September 30, 2002. Ward testified that to obtain a permit, an individual must apply, go through a basic two-day class, and successfully complete an examination. Once an individual has a valid permit, he or she is notified by the Department of Health ("department") within six months of the permit's expiration so that he or she may be re-examined and re-issued a permit. A permit holder may renew the permit at any time prior to its expiration.
 {¶ 10} Each renewal permit has printed on its face both an issue date, which is the anniversary date of the original issue date, and an expiration date, which is one or two years after the issue date. According to Ward, any renewal application received prior to September 30, 2002, was processed as a two-year permit and any application received after that date was processed as a one-year permit. Thus, it is possible that a two-year permit have an issue date after September 30, 2002, because a permit holder could have applied before the rule change, as is the scenario with Officers Adkins and Beeba.
 {¶ 11} It is undisputed that the renewal permits of Officers Adkins and Beeba were printed and mailed to the officers prior to September 30, 2002. It is also undisputed that the permits listed an issue date of October 9, 2002, and an expiration date of October 9, 2004. Thus, appellant argues that because of the rule change on September 30, 2002, which limited permit validity to one year, the officers' permits were expired and not valid on April 9, 2004, when the BAC test was administered to the appellant.
 {¶ 12} This precise issue has recently been decided by this court inCity of Columbus v. Childs, Franklin App. No. 04AP-911, 2005-Ohio-3683. In Childs, the defendant filed a motion to suppress the results of the BAC test given to her by Officer Pickney. Officer Pickney's permit, like those of Officers Adkins and Beeba in the case sub judice, was processed and mailed to him prior to September 30, 2002, and the permit had an issue date of January 30, 2003, and an expiration date of January 30, 2005. The trial court found that the officer's permit was not valid and granted the defendant's motion to suppress the results of the BAC test. In reversing the decision of the trial court, this court stated:
[I]t is clear that the department exercised its statutorily conferred discretion when faced with the question of whether to apply the amended version of Ohio Adm. Code 3701-530-9(C) retroactively, and whether to do so even before the department was informed of the effective date of the amendment. This problem presented itself due to the department's practice, pursuant to Ohio Adm. Code 3701-530-9(C), of allowing permit holders to renew their permits up to six months in advance of the expiration date of their current permit. Mr. Ward testified that this practice was necessary to avoid a situation in which so many renewal applications were requested all at once that the department would not be able to process them before all of such permits expired.
The department chose to apply the amendment prospectively, and thus to issue two-year permits to officers who applied for renewal before the effective date of the amendment, even if it turned out — as it did in this case — that the officer's former permit bore an expiration date occurring after the effective date of the amendment. The question before us is whether this was an abuse of the department's discretion. We conclude that it was not.
Id. at ¶ 19-20.
 {¶ 13} An administrative rule that is issued pursuant to statutory authority has the force of law unless it is unreasonable or conflicts with a statute covering the same subject matter. Youngstown Sheet TubeCo. v. Lindley (1988), 38 Ohio St.3d 232, 234. "A statute is presumed to be prospective in operation unless a retrospective effect is clearly indicated." State v. Lemaster, 4th Dist. No. 04CA2764, 2004-Ohio-4523, at ¶ 8, citing Bellefontaine City School Dist. Bd. of Edn. v. Benjamin LoganLocal School Dist. Bd. of Edn. (June 16, 1992), 10th Dist. No. 91AP-1277, citing Greene v. United States (1964), 376 U.S. 149,84 S.Ct. 615. There is no retroactive intent apparent in amended Ohio Adm. Code 3701-53-09(C). LeMaster, supra, at ¶ 10; State v. Brunson,
4th Dist. No. 04CA4, 2004-Ohio-2874, at ¶ 11. Thus, as we found in Childs,
it was reasonable for the department to apply the amended version of the rule prospectively.
 {¶ 14} Additionally, we are required to give considerable deference to an administrative agency's interpretation of its own rules and regulations. Childs, supra, at ¶ 22. Thus, as in Childs, "we find no abuse of discretion in the department's resolution of the apparent conflict between its advance processing of permit renewals and what, in this case, amounted to the `intervening' event of the amendment of Ohio Adm. Code 3701-53-09(C)," which occurred between the time Officers Adkins' and Beeba's renewals were processed and the time their former permits expired. Id.
 {¶ 15} Based on the foregoing and the reasoning set forth in Childs,
we find that the trial court did not err when it concluded that Officers Adkins' and Beeba's permits were valid at the time appellant's breath test was conducted, and, thus, did not err when it denied appellant's motion to suppress the results of his BAC test.
 {¶ 16} For the foregoing reasons, appellant's assignment of error is overruled and the decision of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Bryant and French, JJ., concur separately.