I disagree with the lead opinion's conclusion that the officer's certificates were valid on the day of defendant's citation for driving while under the influence of alcohol.
The evidence before the trial court did not suggest the director considered the certificates "issued" on the date they were mailed, as opposed to the date stated on the certificate, and the reasonableness of that interpretation is not before us. Rather, the evidence reflected the director's determination that despite the date of issuance being that set forth on the certificates, the validity of the certificates is determined under a rule that expired before the date on the certificates.
According to the plain language of the rule the Ohio Department of Health promulgated, effective September 30, 2002, the officers' certificates, issued on October 9, 2002, "expire[d] one year from the date issued." As a result, the certificates were not valid on April 9, 2004, when the officers administered a BAC test to defendant. State v.Fistler, Belmont App. No. 04 BE 22, 2004-Ohio-7067.
Despite my opinion concerning the administrative rule at issue, I also recognize this court issued an opinion in City of Columbus v. Childs,
Franklin App. No. 04AP-911, 2005-Ohio-3683, that held the certificates were valid for two years after issuance because the renewal permits were printed and mailed prior to September 30, 2002. While I disagree with that opinion, I, nonetheless, consistent with the precedent of this court thatChilds represents, reluctantly concur with the lead opinion.
French, J., concurs.